[Crim. No. 6760.    In Bank.    Jan. 31, 1961.]

THE PEOPLE, Appellant, v. ARTHUR BLACK, JR., Defendant; NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY, Respondent.

Harold W. Kennedy, County Counsel, Thomas A. Porter and Thomas W. Stoever, Deputy County Counsel, for Appellant.

John W. Anderson and Joseph Joblin for Respondent.

WHITE, J.—This is an appeal by the State of California from a *nunc pro tunc* order vacating a prior order of forfeiture of a bail bond following the defendant's failure to appear for sentencing after his plea of guilty to a felony in the Superior Court in and for the County of Los Angeles.

The defendant, being charged with a felony, posted a bail bond in the amount of $1,500 written by the respondent National Automobile and Casualty Insurance Company. The bond assured that the defendant "will appear in the above-named court on the dates set forth to answer the complaint filed against him-her and all duly authorized amendments thereof, in whatever court it may be prosecuted, and will at all times hold him/herself amenable to the orders and process of the court, and, if convicted, will appear for pronouncement of judgment; or, if he/she fails to perform either of these conditions, that the National Automobile and Casualty Insurance Co., a California corporation, will pay to the people of the State of California, the sum of Fifteen Hundred Dollars ($1,500.00).

"If the forfeiture of this bond be ordered by the Court, judgment may be summarily made and entered forthwith against the said National Automobile and Casualty Insurance Co., a California corporation, for the amount of its undertaking herein, as provided by Sections 1305 and 1306 of the California Penal Code."

Section 1305 of the Penal Code provides that "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required . . . the court must direct the fact to be entered upon its minutes and the undertaking of bail . . . must thereupon be declared forfeited." It further provides that "if at any time within 90 days after such entry in the minutes, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just."

Section 1306 provides for summary judgment upon the forfeited bond if the forfeiture is not set aside within the 90-day period provided in section 1305.

Following the defendant's failure to appear for pronouncement of judgment an order was made in open court on October 15, 1959, forfeiting bail and directing the issuance of a

bench warrant. However, it appears of record, pursuant to an oral stipulation made by the parties at the hearing herein, that the order of forfeiture was not entered in the permanent minutes until the 20th day of October, 1959. Thereafter the defendant was arrested and produced in court on December 24, 1959. On January 11, 1960, 88 days after the order of forfeiture was made in open court, the surety filed a motion to vacate the forfeiture and to exonerate bail. The motion was supported by the affidavits of the defendant and of an attorney-in-fact of the surety. It was heard on the same day it was filed, and was denied ''without prejudice'' to make a further showing.

On January 14, 1960, 91 days after the making of the order of forfeiture in open court, but only 86 days after the entry thereof in the permanent minutes, the court made the following order, designated as *nunc pro tunc* as of January 11, 1960: ''The order forfeiting bail is vacated and set aside and the surety is ordered to pay the sum of $500 to the Clerk of the Court. Bail is exonerated on payment of the $500; $500 is paid.'' It does not appear from the record what, if any, further documents had been filed prior to the making of the order. Thereafter, the county counsel of Los Angeles moved to set aside the *nunc pro tunc* order of January 14 and the motion was denied. This appeal is taken from said *nunc pro tunc* order.

It is urged by appellant that the trial court had lost jurisdiction to make any order in this matter, including a *nunc pro tunc* order, after the expiration of the 90-day period. It must be conceded, as contended by appellant, ''that where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.'' *Burtnett* v. *King*, 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333].) The appellant also urges the impropriety of a *nunc pro tunc* order when the court lacks jurisdiction to make any order. If a statutory period within which a court might act is jurisdictional, it is manifest that the statute should not be defeated by the simple device of a *nunc pro tunc* order. (See *Osmont* v. *All Persons*, 165 Cal. 587, 591 [133 P. 480].)

As stated, section 1305 provides for the making of a motion for relief from an order of forfeiture ''at any time within 90 days after such entry'' upon the court's minutes. It is true that a written record of the proceedings on October

15, 1959, appears in the clerk's minutes. But this is not the "entry" of which section 1305 speaks. In referring to the time when a 30-day extended period for filing a notice of appeal, after denial of a motion for a new trial (see rule 3(a)(1), Rules on Appeal) commences to run, this court stated in *Jablon* v. *Henneberger,* 33 Cal.2d 773, at pages 774 and 775 [205 P.2d 1] : "The official entry referred to is not made by the department court clerk in his rough minutes. The entry in the permanent minute records of the court constitutes the official record of the court. [Citations.]" It had been contended in that case, as apparently appellant contends herein, that time commenced to run from the oral denial of the motion in court, or from the entry of the order in the rough minutes of the department court clerk.

As hereinbefore stated, at the oral argument in the case now engaging our attention, it was stipulated that the order of January 14, 1960, was made within the 90-day period following the entry in the permanent minutes of the order of forfeiture. It thus appears, under the stipulation, that the order of January 14 setting aside the forfeiture was made within the statutory period, and that the court was clothed with jurisdiction to make such order under section 1305 of the Penal Code.

Appellant's further contention that the trial court has made improper use of the *nunc pro tunc* order in the instant case is equally without merit. Since the court was vested with jurisdiction to make the order here in question, the fact that it was designated a *nunc pro tunc* order does not vitiate its efficacy. For the reason that no rights of the litigants were impaired thereby, the error, if any, does not result in a miscarriage of justice. (Const., art. VI, § 4½.)

The order is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.