[Civ. Nos. 26529, 26530. First Dist., Div. Three. Oct. 6, 1970.]

RESOLUTE INSURANCE COMPANY, Plaintiff and Respondent, v. THE MUNICIPAL COURT FOR THE SOUTHERN JUDICIAL DISTRICT OF SAN MATEO COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Appellant.

(Two Cases.)

COUNSEL

Keith C. Sorenson, District Attorney, and James M. Parmelee, Deputy District Attorney, for Defendant and Respondent and for Real Party in Interest and Appellant.

Donald G. Roesch for Plaintiff and Respondent.

## OPINION

**BROWN (H. C.), J.**—The appeals by real party in interest, the People, and the Municipal Court of the Southern Judicial District of San Mateo County are from judgments on review by the superior court. The writs of review by the superior court were issued in two independent cases with identical issues and parallel facts. In both cases the superior court decreed that the appellant municipal court acted in excess of its jurisdiction in granting summary judgments against respondent insurance company pursuant to Penal Code section 1306.

On April 28, 1966, respondent undertook to post bail in the form of a corporate surety bond in the amount of $2,750 to guarantee the appearance of one Willie Pearl Grant.[1] Subsequent to that date the matter of People v. Grant was certified to the Superior Court of San Mateo County with a hearing set for August 1, 1967.[2] The parties on bail failed to appear for their August 1, 1967 hearing and the bail was ordered forfeited by the court.

Penal Code section 1306 provided that upon the expiration of 180 days after the court's declaration that bail be forfeited, the court shall advise the district attorney or civil legal adviser of the board of supervisors of the forfeiture, and they shall then request a court of competent jurisdiction to enter a summary judgment against the surety for the amount of the bail.

Section 1306 further provided at the time respondent posted bail: "If, because of the failure of any court . . . [or other person] to promptly perform the duties enjoined upon them pursuant to this section, summary judgment is not entered within 60 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (Stats. 1965, ch. 1926, p. 4449.)

Appellant first had the right to request a summary judgment in this case on January 29, 1968, which was 180 days after the court declared the bail forfeited on August 1, 1967. Thus, pursuant to Penal Code section 1306, as it read when the bail was undertaken, appellant had until March 31, 1968, to request the summary judgment. The summary judgment was not filed, however, until April 16, 1968, some 79 days after it could have been entered. Respondent claims appellant lost the right to a summary judgment by failure to obtain the judgment within the 60 days.

During 1967, however, the state Legislature amended Penal Code section

---

[1] In action No. 26530, bail in the same amount was posted for one Charlie Grant on November 17, 1966.

[2] In action No. 26530, the matter of People v. Grant was likewise set for hearing in the superior court on August 1, 1967.

1306, inter alia, and extended the 60-day period to 90 days. (Stats. 1967, ch. 109, § 2, p. 1028.) This amendment became effective on November 8, 1967. (*Id.*, at p. A-3.)

The situation is then as follows: During the 180 days in which appellant was required to wait before requesting a summary judgment, the time period in which it could make such a request was lengthened from 60 to 90 days. Appellant received its summary judgment during the newly extended 30-day period. The superior court annulled the municipal court order granting summary judgment.

There is no dispute that the summary judgments herein were entered more than 60 days after the expiration of the 180-day waiting period. Thus, if it were determined that the 60-day provision was applicable, the municipal court acted in excess of its jurisdiction and the judgment would be void. (See *People* v. *Black*, 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915].)

 Appellant contends, however, that it is the 90-day provision and not the 60-day provision which is applicable. It will be remembered that the additional 30 days was effectively the law on November 8, 1967, almost three months prior to the time when even the 60-day period would commence to run. Appellant's argument is that an extension of a statute of limitation is generally valid if made before the cause of action is barred by the pre-existing statute. We agree with this contention.

 ". . . The extension of the statutory period within which an action must be brought is generally held to be valid if made before the cause of action is barred. [Citation.] The party claiming to be adversely affected is deemed to suffer no injury where he was under an obligation to pay before the period was lengthened. This is on the theory that the legislation affects only the remedy and not a right. [Citations.] An enlargement of the limitation period by the Legislature has been held to be proper in cases where the period had not run against a corporation for additional franchise taxes [citation], against an individual for personal income taxes [citation], and against a judgment debtor (*Weldon* v. *Rogers, supra*, 151 Cal. 432 [90 P. 1062]). It has been held that unless the statute expressly provides to the contrary any such enlargement applies to matters pending but not already barred [citation]." (*Evelyn, Inc.* v. *California Emp. Stabilization Com.*, 48 Cal.2d 588, 592 [311 P.2d 500]; *Douglas Aircraft Co.* v. *Cranston*, 58 Cal.2d 462, 465 [24 Cal.Rptr. 851, 374 P.2d 819, 98 A.L.R.2d 298].)

It is generally reasoned that no person has a vested right in the statute of limitations until it has run in his favor, and if the cause of action is not

barred, the Legislature may shorten or lengthen the time within which it may be asserted. (*Bank of America etc. Assn.* v. *Dennison,* 8 Cal.App.2d 173, 176 [47 P.2d 296]; see also annotation in 79 A.L.R.2d 1080.)

■ Respondent argues this case on the theory that the time periods expressed in Penal Code sections 1278, 1305 and 1306, as they existed when the bail bond was written, were incorporated into the bond and part of the contract respondent had with the court. Thus, respondent contends that the Legislature's act of extending the 60-day period to 90 days was an act impairing the obligation of a contract and in violation of both the United States and California Constitutions.

The bonds posted by respondent provided as follows: "If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said RESOLUTE INSURANCE COMPANY, a Rhode Island Corporation, for the amount of its undertaking herein, as provided by Sections 1305 and 1306 of the California Penal Code." Section 1278 of the Penal Code requires that all bail bonds contain the above provision.

■ Respondent's contention is answered in *Bronson* v. *Kinzie,* 42 U.S. 310, 315 [11 L.Ed. 143, 144], where the court said: "Whatever belongs merely to the remedy may be altered according to the will of the state, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy or directly on the contract itself. In either case it is prohibited by the Constitution." (See also *Smith* v. *Morse,* 2 Cal. 524, 548; and discussions and cases collected in 19 Hastings L. J. 1405, 1406-1409.)

■ The mere fact that respondent's liability to have a summary judgment entered against it was extended 30 days does not of itself render the statutory amendment unconstitutional. In the first instance, respondent had no vested right at the time the extra 30 days were added. In fact, the 90-day provision was added at a time when the forfeiture could have been set aside by the court after proper application and showing by respondent. (Pen. Code, § 1305.) Secondly, respondent's obligation has not been enlarged or extended. Had the amendment taken effect after the 60-day period had elapsed, or had the Legislature shortened the 180-day period in which respondent could move to discharge the forfeiture, respondent would have a meritorious argument. No substantive rights vested in respondent were altered in that the amendment to section 1306 affected only the remedy.

Therefore, it is our opinion that the 90-day provision was legally effective on November 8, 1967, and that said provision applied to bail bonds previously written on which the 60-day period had not yet run. ■ A party

has no vested right in the running of a statute of limitations prior to its expiration and any amendment enlarging the period of limitations prior to the expiration may be validly applied to pending actions. (See *Board of Administration* v. *Ames,* 215 Cal.App.2d 215, 222 [29 Cal.Rptr. 917], hg. den.)

The judgments are reversed.

The matters are remanded to the superior court with instructions to enter judgments denying respondent Resolute Insurance Company's petitions for writs of review.

Draper, P. J., and Caldecott, J., concurred.