[Civ. Nos. 11373, 11374. Fourth Dist., Div. One. Jan. 19, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY OF CALIFORNIA,
Defendant and Appellant.

(Consolidated Appeals.)

## COUNSEL

Frank I. Fullenwider, Adams & Adams and Richard E. Adams for Defendant and Appellant.

Robert G. Berrey, County Counsel, and Lawrence Kapiloff, Deputy County Counsel, *for Plaintiff* and Respondent.

## OPINION

**AULT, Acting P. J.**—Two proceedings by the People to enforce bail for-feitures have been consolidated on appeal. In each case, Surety Insurance Company of California has appealed from an order of the superior court entering a summary judgment on a defaulted bail bond *nunc pro tunc* and denying its motion to vacate an earlier entry of summary judgment and to exonerate the bail. We conclude the summary judgments were not entered as required by law, and that Penal Code section 1306 dictates the reversal of the orders and the exoneration of the bonds.

The facts are not in dispute, and, insofar as they affect the appeal, may be treated as the same in each case. Surety Insurance Company of Califor-nia (the surety) is a corporate surety company authorized to write surety insurance in California. Acting through its agents, the company posted bail bonds for two criminal defendants: a $6,250 bond for Daniel Paul Peterman, and a $40,000 bond for John Jacob Ramsey. Both defendants failed to appear for trial, and the court ordered the bonds forfeited. Notices of the forfeitures were mailed to the surety as required by Penal Code section 1305. The 180-day period within which the forfeitures could have been set aside under Penal Code section 1305 elapsed. (In the Ramsey case, the surety's motion to vacate the forfeiture was denied; no motion to vacate was made in the Peterman case.)

Within the 90-day period which followed, a summary judgment in the amount of each bond in favor of the People and against the surety was prepared by county counsel and *signed* by the court, but neither judgment was *entered*. More than a month after the expiration of the 90-day period, the two summary judgments were entered and notices of entry were mailed to the surety. (See Appendix "A" attached for the significant dates in each case.) The surety promptly moved to vacate the entry of the summary judgments and to exonerate the bail bonds. The People countered by moving for orders to enter the summary judgments *nunc pro tunc* as of the date they were signed.

The two matters were heard together by the superior court. After con-sidering the court records and a declaration filed by the assistant county clerk, the court found the summary judgments were signed by the court within the 90-day period but were not entered until after its expiration. The court further found: "The delay of the entry of said judgment in the Book of Judgments was due to the inadvertence of a deputy county clerk.

"Said delay in entering said Judgment in said Book of Judgments was not due to the failure of this court, the District Attorney or the Civil Legal

Advisor of the County of San Diego to promptly perform the duties enjoined upon them or any of them pursuant to Section 1306 of the Penal Code."

The court denied the surety's motion to exonerate the bonds, and ordered the summary judgments entered *nunc pro tunc* as of the date they were signed.

### THE APPLICABLE STATUTES

If, without sufficient excuse, a defendant in a criminal case fails to appear in court when his appearance is lawfully required, Penal Code section 1305 requires the court to forfeit his bond and the clerk to mail notice of the forfeiture to the surety. The section gives the surety 180 days in which to move to set aside the forfeiture. Penal Code section 1306 provides when this period has elapsed (the 180 days), if the forfeiture has not been set aside, "the *court shall enter* a summary judgment against each bondsman . . . ." (Italics added.) The second paragraph of Penal Code section 1306 states: "If, because of the failure of any court . . . to properly perform the duties enjoined upon [it] pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the *right to do so expires and the bail is exonerated.*" (Italics added.)

### CONTENTIONS ON APPEAL

On appeal, the surety contends:

1. Penal Code section 1306 places the responsibility for entry of the summary judgment on the court, not the clerk.

2. If the summary judgment is not entered within the 90-day period specified in Penal Code section 1306, the court loses jurisdiction to enter the judgment, and the bail must be exonerated.

3. Having lost jurisdiction to enter the summary judgment, the court may not regain it by means of a *nunc pro tunc* order.

### DISCUSSION

All of the contentions have merit. By providing in the first paragraph of Penal Code section 1306 "the court shall enter a summary judgment," the Legislature placed the responsibility for entry of the judgment on the court, even though it might assign the physical task of entering the judgment to its clerk. Such a clear mandate cannot be avoided by delegation of authority and, therefore, the trial court's finding that the delay in entering the summary judgments was due to the inadvertence of the clerk is irrelevant.

The provisions of Penal Code section 1306 are clear and unambiguous. They place the responsibility for entering the summary judgment on defaulted bail on the court, unequivocally limit the time within which the judgment may be entered, and provide that the right to enter the judgment terminates when that time limit has expired.

Despite the plain language of the statute, the People urge a different interpretation. They contend the court's only responsibility is to sign and file the summary judgment and that the clerk bears the responsibility for entering it. The argument, however, goes full circle and comes up empty. ■ It also ignores the rule of law which views forfeitures with disfavor and requires a strict construction of statutes imposing them. (*People* v. *United Bonding Ins. Co.*, 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385]; *People* v. *Earhart*, 28 Cal.App.3d 840, 844 [104 Cal.Rptr. 322].)

If the word "court" as used in the first paragraph of Penal Code section 1306, which charges the court with the responsibility for entering the summary judgment, includes the "clerk of the court," the word "court" in the second paragraph must be used in the same context, and the provisions limiting the time within which judgment may be entered proscribe the clerk's authority to enter the judgment as well. Certainly the Legislature did not intend to ascribe different and distinct meanings to the word "court" when it used it twice in the same code section.[1] It is conceded the summary judgments involved here were not entered until after the time limit provided in Penal Code section 1306 had expired.

The People also argue the task of entering the summary judgments was a ministerial act and that failure to enter them within the 90-day time limit was clerical error, properly remedied by the *nunc pro tunc* orders. We disagree. ■ In the *absence* of statutory limitations, a court has not only the inherent power but the duty to remedy clerical errors. (*Roth* v. *Marston*, 110 Cal.App.2d 249, 251 [242 P.2d 375].) ■ However, "where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction." (*People* v. *Black*, 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; *People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d 898, 904; *Resolute Ins. Co.* v. *Municipal Court,* 11 Cal.App.3d 1006, 1009 [90 Cal.Rptr. 337].)

There can be no doubt the Legislature intended to impose a 90-day time limit in which to enter summary judgments on defaulted bail which is juris-

---

[1]Penal Code section 1305 charges "the clerk of the court" with the duty of entering the original bail forfeiture in the minutes and mailing notice to the surety, indicating the Legislature had no difficulty in making its intent clear when it wished to place responsibility for acts on the clerk of the court.

dictional, for the statute uses the words: "[or] the right to do so expires and the bail is exonerated." (Pen. Code, § 1306.)

 Where the statutory period within which an act may be performed is jurisdictional, the statute cannot be defeated by the simple device of a *nunc pro tunc* order. *(People* v. *Black, supra,* 55 Cal.2d 275, 277; *People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d 898, 904.) The orders directing entry of the summary judgments *nunc pro tunc* were in excess of the court's jurisdiction.

The orders appealed from are reversed; the superior court is directed to enter orders in both cases exonerating the bond.

Cologne, J., and Coughlin, J.,* concurred.

APPENDIX "A"

PETERMAN Case RAMSEY Case

Dec. 29, 1970————————{Surety posted bond.}————————May 25, 1970

Feb. 17, 1971————{Defendant failed to appear. Bond forfeited.}————Nov. 16, 1970

{Feb. 18, 1971————{Notice of forfeiture mailed. Start 180-day period (Pen. Code, § 1305).}————Nov. 27, 1970

←180 days→ (Pen. Code, § 1305)

{Aug. 18, 1971————{First day summary judgment could be entered Pen. Code, § 1306).}————Aug. 13, 1971†

←90 days→ (Pen. Code, § 1306)

Sept. 3, 1971————{Court signed summary judgment.}————Sept. 3, 1971

{Nov. 16, 1971————{End 90-day period within which to enter summary judgment.}————Nov. 11, 1971

Jan. 5, 1972————{Summary judgment entered.}————Dec. 27, 1971

Feb. 24, 1972————{Order entering summary judgment *nunc pro tunc* to Sept. 3, 1971.}————Feb. 24, 1972

*Retired Associated Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

†Date motion to set aside forfeiture was denied. Surety concedes the 180-day period was extended to date of this ruling.