[No. A064475. First Dist., Div. Three. Jan. 27, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
TOPA INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

James P. Botz, County Counsel, and Richard M. Flores, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**MERRILL, J.**—Topa Insurance Company appeals from an order denying a motion for discharge of forfeiture of a bail bond, and from the summary judgment granted in favor of the People of the State of California. It contends that because of the trial court's delay in entering summary judgment, it lost jurisdiction to do so under the statutes in effect at the time, resulting in exoneration of the bail bond as a matter of law. We agree, and therefore reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts are not in dispute. On October 30, 1992, appellant posted a bail bond in the amount of $20,000 on behalf of Michael Lynn Tankersley

pending his appearance in court on November 2, 1992, in criminal proceedings. Tankersley failed to appear in court on that date, and bail was forfeited. On November 13, 1992, the clerk mailed a notice of forfeiture to the bail bondsman and appellant surety.

One hundred eighty days later, on May 12, 1993, appellant filed a motion to vacate forfeiture, reinstate and exonerate the bail bond. Hearing was set for June 25, 1993. On June 25, 1993, with the bail bondsman present in court, the hearing was continued to July 30, 1993, "for further proceedings re bond." No further reason for the continuance appears in the minutes or elsewhere in the record. On July 30, 1993, the matter was dropped from the calendar because of the parties' failure to appear. On the same day, the bail bondsman filed a new motion for relief from forfeiture and to reinstate and exonerate the bond, identical to the previous motion, and setting a new hearing date of August 27, 1993. When the matter came on for hearing on that date, it was continued to September 1, 1993. It was subsequently continued to September 8, 1993, and then again to September 9, 1993. On that date, it was dropped from the calendar. After July 30, 1993, none of the minute orders state reasons for the continuance.

On September 27, 1993, the trial court entered summary judgment on the forfeiture. The court's order granting summary judgment noted that notice of forfeiture of the bail bond had been duly given on November 13, 1992; 180 days had elapsed since notice was given; and the order of forfeiture had not been set aside. On this basis, the court ordered "pursuant to the provisions" of sections 1305 and 1306 of the Penal Code[1] that summary judgment be entered against the bail bondsman and appellant surety for $20,000.

On October 15, 1993, appellant filed a motion to set aside the summary judgment and exonerate bail. The trial court denied the motion by order filed January 6, 1994. This appeal followed.

## Discussion

■ Appellant contends that the trial court failed to enter summary judgment within the jurisdictional time frame established by sections 1305 and 1306, and that under the statutes, the bail bond is therefore exonerated as a matter of law. We agree.

Both of the applicable statutes have been frequently amended in the last 20 years. Most recently, former section 1305 was repealed in 1993 and replaced by an entirely new statute dealing with nonappearance of a defendant, vacation of forfeiture and exoneration of bail bonds. (Stats. 1993, ch.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

524, §§ 1-2.) Former section 1305, the version of the statute applicable at all times relevant to this case, provided in pertinent part that within 180 days after entry of forfeiture of a bail bond in the minutes or mailing of notice, the surety could obtain relief from forfeiture by surrendering the defendant or making a showing of permanent or temporary disability for the failure to do so. An earlier portion of the statute providing for a 30-day extension for a hearing to be held on noticed motion for relief from forfeiture, when filed within the original 180-day period, was eliminated from the statute by amendment in 1985. (Stats. 1985, ch. 1486, § 1, pp. 5481-5482.) However, the statute did provide that the 180-day time period could be temporarily tolled, upon a showing to the satisfaction of the court that the defendant was temporarily disabled by reason of illness, insanity, or detention by civil or military authorities, without the connivance of the bail, and was therefore unable to appear at any time during the remainder of the 180 days.[2]

Section 1306 was last amended in 1991, prior to the events in this case. (Stats. 1991, ch. 613, § 7.) As pertinent to this case, it provides that the court "shall" enter summary judgment against a forfeited bond when the 180-day period of time under section 1305 has elapsed without the forfeiture having been set aside; if because of the court's failure "to promptly perform the duties enjoined upon it pursuant to this section" it does not enter summary judgment "within 90 days after the date upon which it may first be

---

[2]"If, within 180 days after the entry in the minutes or mailing [of notice of forfeiture], as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall, under terms as may be just and that are equal with respect to all forms of pretrial release, direct the forfeiture of the undertaking or the deposit to be set aside and the bail or the money deposited instead of bail exonerated immediately. If, within 180 days after the entry in the minutes or mailing, as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is, therefore, unable to appear in court at any time during the remainder of the 180 days and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of the 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then the period of time, as fixed by the court, shall not be deemed part of the 180 days. [¶] Unless waived by the district attorney, other prosecuting attorney, or county counsel, as the case may be, no order discharging the forfeiture of the undertaking or deposit shall be made without notice by the bail to the district attorney, prosecuting attorney, or county counsel, as specified by the board of supervisors after consultation with the county counsel and the district attorney, who may request a hearing within 10 days after receipt of the notice. The notice may be given by the surety insurer, its bail agent, the surety, or the depositor of money, any of whom may give the notice and appear either in person or by an attorney. The court shall then set the date, time, and place of hearing and give notice to the district attorney, prosecuting attorney, and county counsel and to the bail." (Former § 1305, subd. (a); see Stats. 1990, ch. 1073, § 2.)

entered, the right to do so expires and the bail is exonerated." (§ 1306, subds. (a), (c).).[3]

This case is controlled by these statutes, the provisions of which "must be strictly followed or the court acts without or in excess of its jurisdiction. [Citation.] . . . [¶] The course set out in a jurisdictional statute must be precisely followed or the court loses jurisdiction and its actions are void. [Citation.]" (*People* v. *American Bankers Ins. Co.* (1992) 4 Cal.App.4th 348, 354 [5 Cal.Rptr.2d 620]; see also *People* v. *Black* (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915].) "It is well established in the case law that Penal Code sections 1305 and 1306 are subject to precise and strict construction. . . . ' "[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limitations is in excess of its jurisdiction." [Citations.]' " (*County of Los Angeles* v. *Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263].)

Here, notice of forfeiture was mailed on November 13, 1992. On May 12, 1993, 180 days later, the bail agent filed a motion for relief from forfeiture. Under the statutes in effect at that time, this was the last possible date on which the trial court had jurisdiction to grant any relief from the forfeiture, unless the trial court found that time had been tolled in accordance with the requirements of former section 1305, subdivision (a). (*People* v. *American Bankers Ins. Co., supra,* 4 Cal.App.4th at pp. 352-356.) Appellant's motion to vacate forfeiture included a request that the time be tolled, stated that the bail agent had not consented to or colluded in the defendant's nonappearance, and represented that the bail agent had "received information" that the defendant was in custody in Tennessee, for which it was awaiting "the proof." During the time that appellant's motion to vacate forfeiture was set for hearing and continued several times, the trial court never made any finding that the defendant was in fact temporarily disabled from appearing for any of the reasons stated in the statute. Moreover, under former section 1305, the surety was required to apply for and obtain relief, including a decision on whether the time for relief was tolled, *before* the expiration of the 180-day period. After that, the trial court was simply without jurisdiction

---

[3]"(a) When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. . . . [¶] . . . [¶] (c) If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (§ 1306, subds. (a), (c).)

to vacate the order of forfeiture and exonerate the bond. (*County of Los Angeles* v. *American Bankers Ins. Co.* (1988) 202 Cal.App.3d 1291, 1295 [249 Cal.Rptr. 540].) There was therefore no tolling of the jurisdictional 180-day period. The trial court was without jurisdiction to do anything other than enter summary judgment. (*People* v. *National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150, 154 [51 Cal.Rptr. 212].)

However, under the provisions of section 1306, subdivisions (a) and (c), the trial court was required to enter summary judgment "promptly" within the 90-day period commencing at the expiration of the 180-day forfeiture period. After this, the court lost its jurisdiction to do so. (*People* v. *American Bankers Ins. Co.*, *supra*, 4 Cal.App.4th at pp. 352-356; *County of Los Angeles* v. *Surety Ins. Co.*, *supra*, 162 Cal.App.3d at pp. 62-65; *People* v. *Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 79-80 [106 Cal.Rptr. 220].)[4] The 90th day after the lapse of the 180-day period was August 10, 1993. This was therefore the last day upon which the trial court had *jurisdiction* to enter summary judgment. Under the clear language of the statute, the trial court's failure to do so by this date meant that its right to do so expired and the bail was exonerated. (§ 1306, subd. (c).) There is simply no basis for any extension of this time period in statute or case law. The purported entry of summary judgment on September 27, 1993, over a month later, was in excess of the trial court's jurisdiction; bail had already been exonerated as a matter of law on August 10, 1993. (*County of Los Angeles* v. *Surety Ins. Co.*, *supra*, 162 Cal.App.3d at pp. 62-65 ["By its very language, . . . section 1306 *compels* exoneration of bail *if* the 90-day time limitation is not met."].)

Respondent contends that the trial court retained jurisdiction to enter summary judgment after denying appellant's motion for relief from forfeiture. According to respondent, the 180-day period set by section 1305 was automatically extended by appellant's motion for relief from forfeiture, thus tolling the subsequent 90-day period set by section 1306 for issuing summary judgment pending the trial court's action on the motion for relief. Respondent asserts that appellant's filing of a motion on the last day of the 180-day period in this case tolled the running of the 90-day period for the trial court's entry of summary judgment, so that that jurisdictional time period did not commence to run until the date the trial court "denied" the

---

[4] "There can be no doubt the Legislature intended to impose a 90-day time limit in which to enter summary judgments on defaulted bail which is jurisdictional, for the statute uses the words '[or] the right to do so expires and the bail is exonerated.' (Pen. Code, § 1306.) [¶] Where the statutory period within which an act may be performed is jurisdictional, the statute cannot be defeated by the simple device of a *nunc pro tunc* order." (*People* v. *Surety Ins. Co.*, *supra*, 30 Cal.App.3d at pp. 79-80.)

motion for relief by dropping it from the calendar on July 30, 1993.[5] According to respondent, the trial court could have timely issued its summary judgment at any point up to October 28, 1993.

In support of its position, respondent cites two cases interpreting versions of the governing statutes predating 1985. (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 657 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174]; *County of Sacramento* v. *Insurance Co. of the West* (1983) 139 Cal.App.3d 561, 564 [188 Cal.Rptr. 736].) In 1960, when *People* v. *Wilcox* was decided, section 1306 provided only that the court "shall enter a summary judgment" within 90 days "after such forfeiture." It was not until 1965 that section 1306 was amended to provide for expiration of the right to enter summary judgment and exoneration of the bond if no timely judgment were entered. (Stats. 1965, ch. 1926, § 2, pp. 4449-4450; see *County of Los Angeles* v. *Surety Ins. Co.*, *supra*, 162 Cal.App.3d at pp. 62-65.) Contrary to respondent's position, the pre-1985 case of *County of Sacramento* v. *Insurance Co. of the West*, *supra*, 139 Cal.App.3d 561, actually affirms that section 1306 requires entry of summary judgment once the 180-day time period specified by section 1305 has elapsed without the forfeiture having been set aside, and that the court's failure to enter summary judgment within this 90-day period automatically exonerates the bond. (139 Cal.App.3d at pp. 564-565.)

Respondent places greatest reliance on the case of *People* v. *American Bankers Ins. Co.* (1990) 222 Cal.App.3d 223, 226-228 [271 Cal.Rptr. 464], which does hold that a trial court's failure to enter summary judgment within the 90-day period required by section 1306 did not result in termination of its jurisdiction, where the court had pending before it an application for relief under former section 1305. This case in not controlling. The opinion relied on only one previous case as authority for its result—*People* v. *Wilcox*, *supra*, 53 Cal.2d 651—which had been decided long before the crucial amendments to section 1306 and former section 1305. It failed to analyze, discuss or even recognize the impact of those amendments on the procedures in bail forfeiture cases, and did not consider the many cases holding that the jurisdictional time limitations were to be strictly construed and applied.[6] The reasoning in *People* v. *American Bankers Ins. Co.*, *supra*, 222 Cal.App.3d 223 was expressly rejected in the subsequent case of *People* v. *American*

---

[5]In fact, there is no actual denial of appellant's motion to vacate forfeiture in the record.

[6]By the time *People* v. *American Bankers Ins. Co.*, *supra*, 222 Cal.App.3d 223 was decided, the 1985 amendment to section 1305 had eliminated language permitting the hearing of a motion for relief from forfeiture within 30 days after the expiration of the 180-day period. The opinion did not recognize this fact, instead relying on case authority interpreting the *earlier* version of the statute. (222 Cal.App.3d at pp. 226-228.) The case did not acknowledge that just two years before, another division of the same court had specifically held that because of the 1985 amendments to section 1305, relief from forfeiture had to be sought and

*Bankers Ins. Co., supra*, 4 Cal.App.4th 348, 352, which declined to follow the earlier decision because of its failure to take into account the controlling changes in the governing statutes.

In conclusion, appellant failed to file a motion for relief from forfeiture until May 12, 1993, the last day of the 180-day period under former section 1305. After that date, the trial court was without jurisdiction to consider the motion, and could only order summary judgment on the bond under section 1306, subdivision (a).[7] Under section 1306, subdivision (c), however, the court's power to enter summary judgment expired 90 days after May 12, 1993. The trial court failed to do so until September 27, 1993, a date beyond the jurisdictional 90-day period. In accordance with the express terms of the statute, therefore, the trial court's summary judgment is void as entered without jurisdiction, and appellant's bail is exonerated as a matter of law.

The order denying the motion for discharge of forfeiture of a bail bond, and the summary judgment granted in favor of the People of the State of California, are reversed. Appellant's bond is ordered exonerated.

Chin, P. J., and Corrigan, J., concurred.

---

obtained before the expiration of the 180-day period. (*County of Los Angeles* v. *American Bankers Ins. Co., supra*, 202 Cal.App.3d at pp. 1294-1297.)

[7]With the repeal of former section 1305 and its replacement by the current statute effective January 1, 1994, the statute again provides (as it did prior to 1985) that a motion for relief from forfeiture may be heard within 30 days after the expiration of the 180-day period. (§ 1305, subd. (c), added Stats. 1993, ch. 524, § 2.) Even if this provision were applicable to this case, it would not help respondent. The motion for relief from default, filed on the last day of the 180-day period, was not set for hearing until June 25, 1993, more than 30 days after the expiration of the 180-day period. No good cause was given for extending the 30-day period or for continuing the hearing to a later date. Thus, even under the current version of section 1305, the trial court had no jurisdiction to hear the motion for relief from forfeiture, and the 90-day period for entering summary judgment commenced running at the end of the 180-day period.