Filed 3/3/22  P. v. Financial Casualty & Surety CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>Defendant and Appellant. | B304467<br><br>(Los Angeles County Super. Ct. Nos. OSJ2275, MA071658) |

APPEAL from an order of the Superior Court of Los Angeles County, Kimberly Baker Guillemet, Judge.  Affirmed.

Law Office of John Rorabaugh, John Mark Rorabaugh, and Crystal L. Rorabaugh for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Adrian G. Gragas, Assistant County Counsel, Michael J. Gordan and David D. Lee, Deputy County Counsel, for Plaintiff and Respondent.

* * * * * *

The trial court entered summary judgment against a surety for the amount of a forfeited bail bond.  The surety argues that the judgment is void because it was not file stamped with a date.  This argument was squarely rejected in *People v. Financial Casualty & Surety, Inc.* (2021) 64 Cal.App.5th 405 (*Financial Casualty 2021*).  We agree with *Financial Casualty 2021*, and accordingly affirm the trial court's order denying the surety's motion to set aside the summary judgment.

### FACTS AND PROCEDURAL BACKGROUND

### I.  Underlying Criminal Prosecution

In July 2017, the People charged Roberto Grajeda (Grajeda) with (1) second degree robbery (Pen. Code, § 211),[1] (2) reckless discharge of a firearm (§ 246.3), and (3) being a felon in possession of a firearm (§ 29800, subd. (a)(1)).  After the trial court conducted a preliminary hearing and held Grajeda to answer for those charges, the People filed an information alleging the same crimes.

### II.  Issuance of Bail Bond and Failure to Appear

On December 18, 2017, Financial Casualty & Surety, Inc. (the surety)—through its agent Bail Hotline Bail Bond—posted a $105,000 bail bond guaranteeing Grajeda's further court appearances.

On March 19, 2018, Grajeda did not appear in court as ordered and the trial court ordered the bond forfeited.

### III.  Entry of Summary Judgment on Bond

The day after Grajeda failed to appear in court, the trial court issued a notice of forfeiture of the bail bond.  After granting the surety's motion to extend the so-called "appearance period"

---

1  All further statutory references are to the Penal Code unless otherwise indicated.

2

(that is, the period during which a surety can exonerate a forfeited bond by apprehending the defendant), the surety had until April 10, 2019, to find Grajeda and to surrender him to the court. The surety did not do so, and accordingly never successfully vacated the forfeiture.

On May 10, 2019, the court clerk executed a one-page document that served as an "application for entry of judgment and summary judgment against [the] surety on [the] forfeited bond" as well as a court order entering that judgment. The judge signed the order. Both the application and order portions of the page bear the date May 10, 2019. The document has a preprinted box in the upper right-hand corner that says "FILED AND ENTERED on ____," but the date is left blank.

The register of actions includes an entry on May 10, 2019, stating that the judgment "has been entered" and not to make any "further orders re bond motions."

The court clerk also filed and entered a "Notice of Entry of Judgment" on May 10, 2019, that states that the "Date Judgment Entered" is May 10, 2019.

## IV. Motion to Set Aside Summary Judgment

On October 1, 2019, the surety filed a motion to set aside the summary judgment, vacate the forfeiture, and exonerate the bond. In this motion,[2] the surety argued that the summary judgment was void because (1) summary judgment must be entered within 90 days of the end of the appearance period, (2) the May 10, 2019 judgment was never entered because there is

---

[2]    The surety filed an earlier motion to vacate that the trial court denied. The surety does not renew the arguments from that motion on appeal, so we will not discuss them further.

no date in the preprinted box, and (3) no other judgments were entered during the 90-day window.

After briefing and a hearing, the court denied the surety's motion. The court found that "[t]he record reflects that summary judgment was entered on May 10, 2019"; that no evidence *disputed* that fact; and that the absence of a date in the file stamp portion of the form did not, by itself, nullify the judgment.

## V.  Appeal

The surety filed this timely appeal.

## DISCUSSION

The surety argues that the trial court erred in denying its motion to set aside summary judgment. We review the denial of such a motion for an abuse of discretion (*People v. Financial Casualty & Surety, Inc.* (2017) 10 Cal.App.5th 369, 377 (*Financial Casualty 2017*)), reviewing subsidiary legal questions de novo (*id.* at p. 379; *County of Los Angeles v. American Contractors Indemnity Co.* (2007) 152 Cal.App.4th 661, 665-666) and subsidiary factual findings for substantial evidence (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 543).

## I.  Bail Bond Procedures, Generally

"[E]xcept for capital crimes when the facts are evident or the presumption great," a criminal defendant has a right to be "released on bail by sufficient sureties." (Cal. Const., art. I, § 28, subd. (f)(3).) The most common mechanism for obtaining release is a bail bond, which reflects interlocking contracts between three parties: The surety contracts with the government to ""act[] as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond,"" and the defendant contracts with the surety to pay a premium for the bond and to provide collateral in

4

the event of his nonappearance. (*People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 42.)

If the defendant does not appear as ordered "without sufficient excuse," the trial court can declare the bond forfeited. (§ 1305, subd. (a)(1); *Financial Casualty 2017*, *supra*, 10 Cal.App.5th at p. 377 ["Forfeiture is the general rule."].) From the date the court gives notice of the bond's forfeiture, the surety has 185 days (plus up to an additional 180 days, if the court finds good cause) to surrender the defendant to the court, vacate the forfeiture, and exonerate the bond. (§§ 1305, subds. (b)(1) & (c), 1305.4.) If the forfeiture is not vacated within this appearance period, the trial court is obligated to enter summary judgment against the surety on the amount of the bond plus costs. (§ 1306, subd. (a).) Critically, however, the court must "enter[]" "summary judgment" "promptly"—that is, within 90 days of the end of the appearance period. (§ 1306, subd. (c).) This deadline is jurisdictional; if it is not met, the bond must be exonerated. (*Ibid.*; *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658.)

## II.    Analysis

The trial court did not abuse its discretion in denying the surety's motion to set aside summary judgment because the judgment in this case was entered on May 10, 2019—well before the 90-day clock that started ticking on April 11, 2019, when the appearance period expired.

Section 1306, subdivision (c) requires a trial court to "enter" "summary judgment" within 90 days of the end of the appearance period. A judgment is validly "entered" on the date it is filed by the court clerk. (Code Civ. Proc., § 668.5; *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.*

(1997) 15 Cal.4th 51, 57, fn. 2 (*Van Beurden*) ["the entry of a judgment occurs upon filing of the judgment"].)[3] To be a valid judgment, the judgment must have the signature of a judicial officer (*People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1294 (*Frontier Pacific*)) and must also have the clerk's "endorse[ment]" of "the day, month, and year" the "paper" was "filed" (Gov. Code, § 69846.5).

Here, the trial court's finding that it entered a valid judgment in a timely fashion is supported by substantial evidence and the law. There is substantial evidence that the clerk filed the judgment on May 10, 2019: That is the date the clerk executed the application, the date the judge signed the order granting the application, the date reflected as the "Date Judgment Entered" on the Notice of Entry document also filed on May 10, 2019, and the date reflected in the register of actions. (Accord, *Bell v. Staacke* (1902) 137 Cal. 307, 310 [when judgment was rendered is question of fact]; *Glasser v. Glasser* (1998) 64 Cal.App.4th 1004, 1010 [when notice of entry of judgment was served is question of fact].) The judgment was also valid: It was signed by the trial judge, and the day, month, and year of the application's execution and order are dated—on that form—as May 10, 2019. (Cf. *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 904-905 [where rule explicitly requires a judgment to contain a "file stamp[]," the absence of one means

---

[3] Prior to the enactment of Code of Civil Procedure section 668.5, a judgment was entered only if it was entered into the "judgment book." (Code Civ. Proc., § 668.) However, "few if any counties in this state still use th[is] traditional judgment book system." (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1267, fn. 2 (*Palmer*).)

6

that judgment will not trigger time limits for purposes of filing appeal].)

*Financial Casualty 2021* reached the same result on identical facts. (*Financial Casualty 2021*, *supra*, 64 Cal.App.5th at pp. 412-413.) We see no basis to disagree.

## III. The Surety's Arguments

The surety makes three sets of arguments in response.

First and foremost, the surety argues that there was no judgment entered on May 10, 2019, because (1) Government Code section 69846.5 and precedent law require there to be a file stamp on the judgment,[4] (2) the use of a preprinted "FILED AND ENTERED on __" box on the judgment here, coupled with the clerk's failure to fill in the blank, does not constitute a valid file stamp, and (3) this interpretation is in line with the strict construction applied to bail bond statutes to avoid forfeiture.

We reject this argument to the extent it is based on statutory construction. Although the surety is correct that "sections 1305 and 1306 are subject to precise and strict construction" (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62), we are not construing sections 1305 or 1306,

---

[4] The surety also suggests that the judgment does not comply with Government Code section 69848. We disagree with this suggestion. That provision empowers a court clerk to permit her deputies to use her "facsimile signature" when filing documents, as long as the deputy clerk "initials th[at] facsimile signature." (Gov. Code, § 69848.) Here, however, the deputy clerk did not use a facsimile signature. What is more, the surety cites no authority (and we have found none) for the proposition that noncompliance with this initialing requirement renders a judgment void. (Cf. *Frontier Pacific*, *supra*, 83 Cal.App.4th at pp. 1294-1295 [signature of judge, not clerk, required for judgment to be valid].)

or any other statute specific to bail.  Instead, we are interpreting Government Code section 69846.5.  That statute does not appear to be subject to the strict construction rule, as courts have upheld filings despite insubstantial defects.  (E.g., *Carlson v. Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1281 ["[t]he failure of the clerk to endorse the correct date on [a filed document], as required by [that section], cannot change the date on which the paper was legally filed"].)  But even if strict construction were required, Government Code section 69846.5 does *not* require, by its terms, a file stamp.  Instead, it requires the clerk's "endorse[ment]" of "the day, month, and year" the "paper" was "filed."  (Gov. Code, § 69846.5.)  As noted above, the judgment in this case bears this information, and the other, contemporaneous evidence indisputably establishes the date on which the summary judgment was filed (and hence entered).  What is more, and as *Financial Casualty 2021*, *supra*, 64 Cal.App.5th at p. 413, held, "[n]othing in Code of Civil Procedure section 668.5 requires a file-stamp date."  We accordingly reject the surety's argument that an otherwise validly filed judgment becomes invalid because the clerk did not *also* list the date of filing a second time in the pre-printed "FILED AND ENTERED" box on the form.

We also reject the surety's argument to the extent it is based on precedent.  The surety cites a bevy of cases—namely, *Palmer*, *supra*, 30 Cal.4th at p. 1280; *Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 544; *Van Beurden*, *supra*, 15 Cal.4th at p. 57, fn. 2; and *Dodge v. Superior Court* (2000) 77 Cal.App.4th 513, 518—for the proposition that the file-stamped date on a judgment reflects its date of entry.  This is true, but irrelevant.  The fact that a file stamp is *sufficient* to prove that a judgment was filed (and hence entered) on a

8

particular date does not mean that a file stamp is *required* for the judgment to be filed (and hence entered). (*Financial Surety 2021*, *supra*, 64 Cal.App.5th at p. 413 ["Though a file-stamp date is one means of determining the date of entry of judgment [citation], it is not the only means for making that determination."].) None of the cases the surety cites supports the latter proposition, and we reject it as a matter of statutory construction for the reasons cited above.

Second, the surety argues that the trial court, by looking to contemporaneous evidence outside the four corners of the judgment itself to determine when the judgment was entered, "necessarily" entered a nunc pro tunc order correcting the date of entry of the judgment, which is impermissible under *People v. Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 77, 79-80. This argument misunderstands what a nunc pro tunc order is. A nunc pro tunc order is an order that *corrects* clerical errors in judgments. (*APRI Ins. Co. S.A. v. Superior Court* (1999) 76 Cal.App.4th 176, 185.) Here, however, the trial court merely looked to extrinsic evidence to determine that there was no error—clerical or otherwise—in the judgment. Thus, the court's mode of analysis in rejecting the surety's motion to set aside the judgment did not somehow constitute a nunc pro tunc order.

Lastly, the surety argues that we must construe statutes strictly to avoid the forfeiture of bail, and thus must rule in its favor. (E.g., *People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 714.) This argument stretches the rule of construction past its breaking point. That we must construe ambiguities in statutes to avoid forfeiture does *not* mean that we must give them a countertextual and absurd interpretation in order to guarantee that "the surety always wins."

## DISPOSITION

The order is affirmed.  The County of Los Angeles is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ