[Civ. No. 64193. Second Dist., Div. Two. June 14, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL WYATT et al., Defendants;
FRANK RASCHE, Real Party in Interest and Appellant.

COUNSEL

William T. Murphy and Chris A. Schaefer for Real Party in Interest and Appellant.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

**COMPTON, J.**—Samuel Wyatt and John Earp were charged with felony offenses and having been released on bail failed to appear in the superior court on March 28, 1979, as directed. Their bail was declared forfeited. They were subsequently apprehended in England and returned in custody to the court on June 10, 1980, some 14 months later.

The bail for the two had been posted in the form of two bonds, each in the amount of $20,000 issued by National Automobile and Casualty Insurance Company (National) through its agent Nardoni Bond & Insurance Agency (Nardoni). Nardoni apparently obtained an indemnification secured by collateral from Frank Rasche, the appellant in this action. Upon the failure of the two defendants to appear as ordered, the

clerk of the court, on April 4, 1979, mailed a notice of order forfeiting bail to National pursuant to Penal Code section 1305,[1] and 180 days later mailed a demand for payment. Nardoni, in response to the demand, made payment on the bonds and obtained reimbursement from Rasche.

On February 6, 1981, Rasche moved in the superior court to vacate the forfeiture and return the $40,000 to him as a subrogee of National and Nardoni. The motion was denied.

Rasche's only basis for demanding return of the bail is the failure of the court to enter a summary judgment against National pursuant to Penal Code section 1306. There is no question that the original forfei-

---

[1]Penal Code section 1305 provides in part: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds one hundred dollars ($100), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of bond, and shall execute an affidavit of such mailing and place it in the court's file in the case. . . .

"But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just, and may order the bail reinstated and the defendant released again on the same bond. If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. [¶] If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of such 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days."

ture was proper or that National failed to obtain the appearance of defendants during the requisite statutory periods.

Penal Code section 1306 provides in part: "When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman has bound himself. In no event shall the judgment exceed the amount of the bond, with costs and notwithstanding any other provision of law, no penalty assessments shall be levied or added to the judgment. [¶] If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

The People concede that no summary judgment was ever entered. They contend, however, that since National voluntarily satisfied its obligation, the entry of the summary judgment would have been an idle act and a redundancy. That was the stated grounds for the court's denial of Rasche's motion.

Rasche cites us to cases which declare that Penal Code section 1306 is to be strictly construed and in an action by the court to enforce a judgment for bail forfeiture against the bail, the statute must be strictly followed. (*People* v. *Surety Ins. Co.* (1973) 30 Cal.App.3d 75 [106 Cal.Rptr. 220]; *People* v. *Resolute Ins. Co.* (1975) 50 Cal.App.3d 433 [123 Cal.Rptr. 246].)

■ Even though a failure to enter a summary judgment within the prescribed time period will bar the court from collecting on the judgment, there is nothing in the statute which prevents the court from accepting voluntary satisfaction of the obligation during the period and prior to the entry of the judgment.

Here Nardoni satisfied National's obligation some 60 days prior to the last day on which the summary judgment could have been entered. It appears to be Rasche's contention that the court's failure to enter a summary judgment after payment had been received and before the expiration of the 90-day period, retroactively converted receipt of the

payment into an ultra vires act on the part of the court. To state the proposition is to expose its absurdity.

Once National satisfied its acknowledged obligation there was no longer any need or in fact any basis for entering a judgment against National. The statute establishes the procedure for the court to enforce the obligation of the bail when enforcement is required. It cannot be reasonably construed as barring the court from accepting voluntary payment.

Once collection on the underlying obligation is made during the statutory period, the provisions of Penal Code section 1306 become irrelevant. (See *People* v. *Silva* (1981) 114 Cal.App.3d 538, at p. 548 [170 Cal.Rptr. 713].)

If Rasche has any grievance at all, and we are not suggesting that he does, it would be against National for making voluntary payment rather than forcing the county to enter its judgment. There is no reason to fault the court for accepting voluntary payment and hence no reason to require return of the payment. Rasche has presented no claim that his position, vis-à-vis National, or vis-à-vis the court, was affected in any way by the failure of the court to "go through the motion" of entering a summary judgment after National satisfied its obligation to the court.

The order is affirmed.

Roth, P. J., concurred.

GATES, J.—I concur and note that, in fact, it would have been quite inappropriate for the People to have asked the court to enter a judgment declaring due and payable an obligation that theretofore had been satisfied in full. Further, if such a request had been made, it would properly have been denied.

Appellant's petition for a hearing by the Supreme Court was denied August 11, 1982.