[No. F008331. Fifth Dist. June 27, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
BILL COX, Defendant and Appellant.

575

## COUNSEL

J. Robert Montgomery, Jr., for Defendant and Appellant.

Bernard C. Barmann, County Counsel, and John R. Irby, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**BROWN, (G. A.), J.***—Appellant Bill Cox doing business as Bill Cox Bail Bonds as bail agent and indemnitor of National Automobile and Casualty Insurance Company appeals from the denial of his motion to vacate summary judgments and for reimbursement of the funds he paid under the bonds pursuant to Penal Code section 1306.[1]

### FACTS

There is no conflict in the facts. This appeal arose from three cases which were consolidated for determination of the issues raised by appellant. In each case, appellant posted bond for a defendant in a criminal action. The defendant failed to appear, and the bonds were forfeited pursuant to section

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.
[1] All statutory references are to the Penal Code unless otherwise indicated.

1305.[2] After expiration of the 180-day period during which the forfeiture could have been discharged, the court granted summary judgment against appellant in the amount of the bond[3] according to section 1306.[4] Notice of entry of judgment was sent to appellant but, in each case, the summary judgment was not entered in the book of judgments within 90 days as required by section 1306. Pursuant to section 1308,[5] appellant paid to the court the penal amount of the bond within 20 days from the notice of entry of judgment and before the 90-day period expired. Full satisfaction of judgment was entered at the time of payment.

Over six years later, upon discovery of the court's failure to enter the judgments, appellant sought to vacate the summary judgments and to obtain a refund of the amounts paid on the bonds. The lower court denied the motion to vacate the summary judgments as being moot since the judgments were concededly void. It also denied appellant's application for reimbursement.

Appellant filed a declaration in the trial court in which he stated in substance that he paid the judgments the same day he received the notice of entry of judgments because he was aware of the provision in section 1308 which would have prohibited him, and any other agent for National Automobile, from writing bonds if he did not pay the judgments in 20 days, not paying the judgments would put him out of business and he paid the judgments because of this fear.

---

[2] Section 1305 states in pertinent part: "If, without sufficient excuse, the defendant neglects to appear . . . when his or her presence in court is lawfully required, . . . the court must direct the fact to be entered upon its minutes, and, unless within 15 court days from arraignment no complaint has been filed or the charges have been dismissed, the undertaking of bail . . . must thereupon be declared forfeited, and, . . . the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond . . . . [T]he clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond. . . ."

[3] Though there are three cases, other than the amounts, the significant facts in each is the same.

[4] Section 1306, in relevant part, provides: "When any bond is forfeited and the period of time specified in section 1305 [180 days after entry in the minutes or mailing of the notice of forfeiture] has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture . . . shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. . . .

"If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

[5] Section 1308, in pertinent part, states: "No court or magistrate shall accept any person or corporation as surety on bail if any summary judgment against any [*sic*] that person or corporation entered pursuant to Section 1306 remains unpaid after the expiration of 20 days after service of notice of the entry of the summary judgment . . . . The clerk of the court in which the judgment is rendered shall serve notice of the entry of judgment upon the judgment debtor within five days after the date of the entry of the summary judgment."

The trial court held that appellant was not entitled to recover the amounts paid because they were paid voluntarily pursuant to the underlying obligation on the bond citing *People* v. *Wyatt* (1982) 132 Cal.App.3d 749 [183 Cal.Rptr. 571] as being "on 'all fours' with the case . . . and I find it controlling."

## DISCUSSION

■ The failure of the court to enter the judgments within the 90 days (§ 1306) rendered them totally void and of no effect and the omissions could not be cured by the entry of nunc pro tunc orders (*People* v. *Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 78-80 [106 Cal.Rptr. 220]).

In *People* v. *Wyatt, supra,* 132 Cal.App.3d 749, which the trial court and respondent find appealing, Rasche, a bail bondsman, paid on forfeited bonds pursuant to a letter demand from the clerk which was sent after the expiration of the 180 days (§ 1305) but before entry of judgment. The letter referred to the forfeiture and stated in part: "Your contractual promise to pay has become absolute. Demand is hereby made that you tender your check or draft payable to the Clerk of the Superior Court in the amount set forth below. Your prompt reply will prevent the filing of summary judgment and the necessary assessment of interest." After the expiration of 90 days, Rasche sought return of the bail because the court never entered summary judgment as required by section 1306. The court held: "Even though a failure to enter a summary judgment within the prescribed time period will bar the court from *collecting* on the judgment, there is nothing in the statute which prevents the court from accepting *voluntary satisfaction* of the obligation during the period and prior to the entry of the judgment.

"Here [appellant] satisfied [the] obligation some 60 days prior to the last day on which the summary judgment could have been entered. It appears to be [appellant's] contention that the court's failure to enter a summary judgment after payment had been received and before the expiration of the 90-day period, retroactively converted receipt of the payment into an ultra vires act on the part of the court. To state the proposition is to expose its absurdity.

"Once [the surety] satisfied its acknowledged obligation there was no longer any need or in fact any basis for entering a judgment . . . . The statute establishes the procedure for the court to enforce the obligation of the bail when enforcement is required. It cannot be reasonably construed as barring the court from accepting voluntary payment.

"Once collection on the underlying obligation is made during the statutory period, the provisions of Penal Code section 1306 become irrelevant. (See

*People* v. *Silva* (1981) 114 Cal.App.3d 538, at p. 548 . . . .)" (*People* v. *Wyatt, supra,* 132 Cal.App.3d at pp. 752-753, italics added.)

On the other hand, appellant relies upon *People* v. *Silva* (1981) 114 Cal.App.3d 538 [170 Cal.Rptr. 713], a case decided by this court. In *Silva,* United Bonding Insurance Company (United) posted a bond through its agent Albert T. Ramirez. The defendant failed to appear, and the bond was ordered forfeited. Later, the court ordered summary judgment in favor of Tulare County (representing the People). The clerk mailed copies of "Notice of Entry of Summary Judgment" to United and Ramirez, but the judgment was never actually entered.

The next month, an Indiana court ordered United's liquidation. The California Insurance Commissioner was appointed as United's conservator and liquidator. In response to the commissioner's request for instructions, the Los Angeles County Superior Court determined that the monies deposited by United's bail agents into indemnity fund escrow accounts were held by United as security for the local agents' agreement to indemnify United as set out in the agents' contracts with United. The court ordered the indemnity funds distributed to counties with "finally approved claims," including the payment to Tulare County on the forfeited bond posted by Ramirez.

In 1973 and again in 1976, Ramirez, the agent, filed motions to vacate the summary judgment on various grounds. His motions were denied. Finally, in 1978, Ramirez filed a third "Motion to Vacate Summary Judgment and for Order Restoring Monies Paid." This time he contended since the summary judgment was not entered in the judgment book he was entitled to have the bail exonerated pursuant to section 1306 and reimbursement of the monies should be made to him. The People resisted his motion on various grounds, including res judicata and mootness.

The *Silva* court stated that failure to enter the summary judgment violated the requirements of section 1306. The requisites of section 1306 are jurisdictional, so failure to enter summary judgment within the proper time rendered it null and void. (Code Civ. Proc., § 664; *People* v. *Silva, supra,* 114 Cal.App.3d at p. 547.) The court concluded that since the summary judgment was void it was error for the superior court to deny Ramirez's motion to vacate unless one of the defenses raised by the People had merit.

The People submitted that the county's collection on the underlying obligation mooted the fact that the summary judgment was void. " 'If a county collects on the underlying obligation within statutory time limits, the enforcement procedures of Penal Code section 1306 become irrelevant. . . . The resulting Los Angeles decree simply recognized the underly-

ing obligation on the forfeited bond and awarded the indemnity funds to the County. Since the County's claim and collection thereon were completed within the statutory time limits imposed by Penal Code section 1306, the entry of a summary judgment became moot.'" (*Id.* at p. 548.) The court noted the "argument might have merit except for the fact that collection was made on the void summary judgment rather than the underlying bail obligation to Tulare County." (*Ibid.*)

". . . A careful examination of the notice of disbursement sent by the California commissioner shows that he was enforcing the 1971 summary judgment in favor of Tulare County. Since this judgment was void and distinct from an adjudication on the surety or local agent's contracts containing the underlying obligation, the subsequent collection from Ramirez' indemnity fund was improper and bail should have been exonerated under section 1306." (*Id.* at p. 549, italics deleted.)[6]

Obviously, the case at bench falls somewhere between *Wyatt* and *Silva.* In those cases, and in this case, the summary judgments were never entered. From there on the similarity pales. Unlike either of those cases, quite clearly, appellant paid on a purportedly valid notice of entry of judgment to avoid execution on the judgment and to avoid the serious sanctions provided by section 1308. (See fn. 5, *ante.*) Unlike *Wyatt,* where the payment was made pursuant to a courtesy demand notice to avoid the entry of judgment, in each of the cases now before us on appeal the payments were anything but voluntary. On the other hand, in *Silva,* payment was made pursuant to an order of the California Insurance Commissioner which was enforcing the 1971 summary judgment in favor of Tulare County, albeit void, and not on a request for payment. Thus, the court held in *Silva* the agent would have been entitled to recover the amount paid had his claim not been barred by the separate doctrine of res judicata.

However, we do not think the issue should be resolved based upon an effort to determine the subjective intent of the bonding agent at the time the payments were made. Rather, we think that the resolution should be one of law. We think the proper analysis requires giving full recognition to the universally accepted concept that "[a] void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one." (*Bennett* v. *Wilson* (1898) 122

---

[6] However, the *Silva* court affirmed the denial of Ramirez's motion because he had filed two other motions seeking vacation of the summary judgments and reimbursement of the monies paid on different grounds. The doctrine of res judicata barred the third motion because Ramirez could have raised the "no entry" issue in the earlier motions. (*People* v. *Silva, supra,* 114 Cal.App.3d at pp. 551-552.)

Cal. 509, 513-514 [55 P. 390].) The judgments being void, it follows the notices of entry of judgment were equally void, ineffectual for any purpose and meaningless. Thus, payment made pursuant to such a notice must be deemed in law to have been made as if no notice existed and as a matter of law voluntarily made pursuant to the underlying contractual obligation on the bond.

The fact that statutorily (§ 1306) the obligation on the bond is exonerated if the judgment is not entered within 90 days does not affect the validity of the analysis we have made when the payment by the agent is made within the 90-day period during which the judgment could have been entered.

This analysis, we think, gives appropriate weight to the underlying contractual aspect of the bond which is the fundamental basis of the bonding procedure (*People* v. *Beverly Bail Bonds* (1982) 134 Cal.App.3d 906, 910-911 [185 Cal.Rptr. 36]) as distinguished from the purely statutory procedure for enforcing collection on the bond. There is nothing unfair about requiring the agent and the company to forego recovery of an amount paid pursuant to a contractual obligation involving a risk explicitly assumed and for which the agent has been paid a premium.

Accordingly, appellant is not entitled to the reimbursement of the monies on the forfeited bonds.

In light of this disposition, we need not consider whether appellant is entitled to prejudgment interest.

The judgment is affirmed. Costs are awarded to respondent.

Woolpert, Acting P. J., and Best, J., concurred.

A petition for a rehearing was denied July 22, 1988, and appellant's petition for review by the Supreme Court was denied September 14, 1988.