[No. AO16784. First Dist., Div. One. Sept. 2, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM MARTIN IRWIN, JR., Defendant;
ROD BUNTJER et al., Real Parties in Interest and Appellants.

868

COUNSEL

Chris P. Andrian for Real Parties in Interest and Appellants.

Gene L. Tunney, District Attorney, for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—The instant appeal is taken by Rod Buntjer and Landon White Bail Bonds, claiming to be parties aggrieved by a summary judgment

for $3,000 entered against Cotton Belt Insurance Company. The judgment was entered upon forfeiture of a bail bond assuring the presence of defendant Irwin when required by the court in a criminal action pending against him.

Cotton Belt Insurance Company, an authorized corporate surety insurer, was the surety on defendant Irwin's $3,000 bail bond. Real parties in interest Rod Buntjer and Landon White Bail Bonds were the bail agent or solicitor, which posted the bond.

Defendant Irwin had failed to appear, April 9, 1981, at a regularly scheduled hearing of his case in the *municipal court,* whereupon the following proceedings, according to its minute order, were taken:

". . . Bail is declared forfeited. Bench Warrant to issue. Bail is set @ $3,000 stayed to 4-10-81 @ 9:00 AM. . . ."

Notice of the proceedings was sent by the clerk of the court to Rod Buntjer and Landon White Bail Bonds, but *not* to Cotton Belt Insurance Company, as was also required by Penal Code section 1305 (subd. (a), 1st par).

On the next morning, (Apr. 10, 1981) defendant appeared in the courtroom, but his attorney did not. The case was continued "to 4-15-81 @ 9:30 a.m. . . . Bench warrant is recalled."

Thereafter, July 17, 1981, in the *superior court* defendant Irwin failed to appear for a scheduled hearing. The court ordered the bail forfeited, and a bench warrant to issue for his arrest. This time notice of bail forfeiture was mailed by the court's clerk to both Cotton Belt Insurance Company *and* to Rod Buntjer and Landon White Bail Bonds, as required by Penal Code section 1305.

More than 180 days after mailing of notice of the *superior court's order* forfeiting bail (see Pen. Code, § 1305), Rod Buntjer and Landon White Bail Bonds "moved to have the order forfeiting bail discharged on the grounds that the [*municipal court* clerk] had failed to notify *the surety* that the bond had been forfeited on April 9, 1981, within thirty (30) days as required by Penal Code section 1305, subdivision (a)." (Italics added.) The motion was denied, and the above-mentioned summary judgment against Cotton Belt Insurance Company was thereafter entered.

■ Rod Buntjer and Landon White Bail Bonds contend that the subject bail bond, *having been forfeited April 9, 1981,* in violation of the "strict statutory command [of notice] designed for the surety's protection," pro-

ceedings thereafter founded on such a forfeiture, were invalid. Its reliance is upon *People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 221 [119 Cal.Rptr. 917], where, unlike the case at bench, there was *no* order staying the proceedings.

The issue of the case before us is therefore the proper interpretation of the *municipal court's* minute order of April 9, 1981, which for convenience we here restate:

". . . Bail is declared forfeited. Bench Warrant to issue. Bail is set @ $3,000 stayed to 4-10-81 @ 9:00 AM. . . ."

Black's Law Dictionary (4th ed. 1968, p. 1583) defines "stay of proceedings" as the "temporary suspension of the regular order of proceedings in a cause by direction or order of the court." And in *Goodcell* v. *Graham* (9th Cir. 1929) 35 F.2d 586, 587 it is stated: "The word 'stay,' in its varying forms, has numerous definitions, and is applied to somewhat widely differing acts and things, with, however, the general underlying idea of the stoppage or suspension of movement. . . . In the Standard dictionary (1913), 'stay,' used as a verb, is defined as follows: . . . . 'To put off until a future time; postpone; hinder; suspend; as, to stay judgment.'"

We are of the opinion that the above is the more probable connotation intended by the municipal court's minute order. We therefore construe it as an order that defendant Irwin's bail bond forfeiture be *suspended,* and *"put off to a future time; postponed."* It follows, contrary to Rod Buntjer and Landon White Bail Bonds' argument, that the municipal court's claimed bail bond forfeiture *never* became effective.

*People* v. *Wilshire Ins. Co., supra,* 46 Cal.App.3d 216, has been found inapposite to our problem. So also has *People* v. *Amwest Surety Insurance Co.* (1980) 105 Cal.App.3d 51 [164 Cal.Rptr. 159], in which a conclusion contrary to *People* v. *Wilshire Ins. Co., supra,* was reached by the court.

Nor need we resolve the issue whether Rod Buntjer and Landon White Bail Bonds have standing to appeal a summary judgment entered solely against Cotton Belt Insurance Company, which has not appealed.

The summary judgment is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.