[No. H017360. Sixth Dist. Oct. 5, 1998.]

THE PEOPLE, Plaintiff and Appellant, v.
RANGER INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Steven M. Woodside and Ann Miller Ravel, County Counsel, and Kathy Kretchmer, Deputy County Counsel, for Plaintiff and Appellant.

Nunez & Berstein and E. Alan Nunez for Defendant and Respondent.

**OPINION**

**WUNDERLICH, J.**—Following defendant Simon Centeno's failure to appear at a master trial calendar hearing, the trial court ordered his bond forfeited at a subsequent hearing. The surety, Ranger Insurance Company

(Ranger), moved to vacate the forfeiture and exonerate the bail bond (Pen. Code,[1] § 1305), and the trial court granted the motion. The People appeal.

## Statement of Facts

On September 12, 1996, Ranger posted a bail bond for the release of defendant Simon Centeno from custody pending felony criminal proceedings against him. The bond reflected the date of his first appearance was to be September 16, 1996.

Centeno was arraigned on September 16, 1996. The court set a trial date, and defendant filed a document based on section 977 called "Waiver of Defendant's Personal Presence." In this document defendant waived his right to be present at certain times including "when the case is set for trial." It provided that when the case was in trailing status, defendant was to maintain daily contact with his attorney who was to be able to contact him in 30 minutes, and defendant was to be able to be in court within 1½ hours from said notice from his attorney. It also provided immediately above where defendant signed: "THIS WAIVER SHALL NOT APPLY TO ANY PRE-TRIAL OR TRIAL DATE."

On November 27, 1996, the trial court, with defendant present, granted a motion to continue the trial date to December 16, 1996.

On December 16, 1996, defendant failed to appear at the master trial calendar hearing. The trial court took no action regarding the bail, although defense counsel advised that defendant was not present. Defense counsel offered no reason for defendant's failure to appear. The court placed the matter on standby for trial.

On December 18, 1996, the case came up on the defense motion to continue the trial. There is nothing in the record to show that defendant was given notice that he was required to appear on December 18, 1996. Defense counsel informed the court that he would soon bring a motion to withdraw as counsel and the basis for both motions was that he had lost contact with the defendant. The court revoked the section 977 waiver and ordered the bail forfeited. The court stated, "This matter will go on the master trial calendar for his failure to appear when he was supposed to be here. The motion to withdraw will be heard when we get him in our custody." A notice of forfeiture was mailed on December 20, 1996.

On May 28, 1997, Ranger filed a motion to vacate the forfeiture and to exonerate bail. Ranger asserted that the original trial court had no jurisdiction to declare a bail forfeiture on December 18, 1996, because defendant

[1]Further statutory references are to the Penal Code unless otherwise indicated.

had no duty to appear on that date. The second trial court granted the motion, not because defendant lacked notice of the December 18 hearing, but because it believed the court had lost jurisdiction by failing to declare a forfeiture on December 16. The People have appealed, contending that the court retained jurisdiction over the bail bond and that defendant was under no duty to appear at the master trial calendar hearing.

## DISCUSSION

The question presented is whether the trial court correctly granted Ranger's motion to vacate the forfeiture and exonerate the bail. Resolution of that question, in turn, depends upon whether the trial court had jurisdiction to forfeit the bail on December 18, 1996, the date of the hearing on the motion to continue the trial.

The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto. (*County of Sacramento* v. *Insurance Co. of The West* (1983) 139 Cal.App.3d 561, 564-565 [188 Cal.Rptr. 736].) Sections 1305 through 1309 govern bail forfeiture. (*People* v. *Ranger Ins. Co.* (1992) 9 Cal.App.4th 1302, 1305 [12 Cal.Rptr.2d 343].) Because the law abhors forfeitures, these statutes are to be strictly construed in favor of the surety. (9 Cal.App.4th at p. 1305.)

Section 1305, subdivision (a) requires that bail be forfeited if, without sufficient excuse, a defendant fails to appear for arraignment, trial, or judgment, or upon any other occasion when his or her presence in court is lawfully required. If the court believes there is a sufficient excuse for defendant's failure to appear, it may continue the case for a period it deems reasonable to enable a defendant to appear, without ordering a forfeiture of bail or issuing a bench warrant. (§ 1305.1.)

Section 977, subdivision (b)(1) provides a felony defendant must be present "at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence." Section 977, subdivision (b)(2) provides that the defendant need not be present on other occasions if he has executed a written waiver, and the specific wording for that waiver is set out in the statute.

The question here, then, is whether the defendant was required to appear on the date set for trial, that is, the master trial calendar hearing, or whether the waiver operated at that time. If defendant's presence was

required, the court had to forfeit the bail bond or lose jurisdiction. If defendant's presence was not required because of the waiver, the court would retain jurisdiction over the bail bond and could order it forfeited later. In the latter case, the further question is whether defendant's presence was required (or whether his attorney was given notice that defendant's presence was required) when the attorney's motion to continue the trial was heard.

We find that the trial court lost jurisdiction when it failed to declare the bail bond forfeited when defendant failed to appear for trial. The word "trial" includes "all proceedings from the time when the parties are called to try their cases in court or from the time when issue is joined to the time of its final determination." (Webster's New Internat. Dict. (3d ed. 1981) p. 2439.) The date the trial is set is the calling of the parties to try their case in court. While it is clear that in today's congested courts a case often does not go out to trial on the date set, that does not mean it is not by definition the date set for trial. The day set for the appearance in the master trial calendar department is the day for trial, whether it occurs or not.

Section 1305 commands the court to forfeit the bail bond if, without sufficient excuse, a defendant fails to appear *for trial*. It is well settled that whenever a defendant fails to appear in court on one of the occasions enumerated in section 1305, the court must declare a forfeiture (if the record does not show a sufficient excuse for defendant's absence) or else the court loses jurisdiction and the bond is exonerated by operation of law. (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 [98 Cal.Rptr. 57, 489 P.2d 1385]; *People* v. *Surety Ins. Co.* (1984) 160 Cal.App.3d 963, 966-967 [206 Cal.Rptr. 836]; *People* v. *Surety Ins. Co.* (1985) 165 Cal.App.3d 22 [211 Cal.Rptr. 204]; *People* v. *American Bankers Ins. Co.* (1989) 215 Cal.App.3d 1363 [264 Cal.Rptr. 152].)

In the instant case defendant was present at a motion to continue the trial on November 27, 1996, and the trial was set for December 16, 1996. Thus, it is apparent that defendant had notice of his duty to appear on December 16.

The People argue that because there was a section 977 waiver in place, defendant was excused from appearing at the master trial calendar hearing on December 16. Section 977 allows the felony defendant to be absent on specified occasions including those parts of the trial when evidence is *not* being taken before the trier of fact. (§ 977, subd. (b)(1).) Section 1305 requires the defendant to be present for trial or else his bail must be forfeited. Thus, an apparent conflict exists between sections 977 and 1305.

Section 977 is a general law designed to protect a defendant's right to be present at his trial and other proceedings. (*People* v. *North Beach Bonding*

*Co.* (1974) 36 Cal.App.3d 663, 669 [111 Cal.Rptr. 757].) Section 1305 is clearly a specific or special statute designed to govern the procedure to be followed when bail is to be forfeited. When there is a conflict between a general and a special law, the special law must control. (2 Sutherland, Statutory Construction (5th ed. 1993) § 40.02, p. 190; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Introduction to Crimes, §§ 62, 63, pp. 79-80.)

Because section 1305 controls, we turn to cases applying that statute. In *People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d at page 904, the court considered when, given a default, an order of forfeiture must be entered. In that case, the court ordered bail forfeited after the defendant failed to appear for the third time in several months. (*Id.* at p. 903.) On the first occasion of defendant's nonappearance his attorney said that he was not sure where defendant was and that defendant might have fled. (*Id.* at p. 902.) The California Supreme Court held that since no sufficient excuse had been offered for the defendant's nonappearance, the trial court was obligated to declare a forfeiture of the bail immediately and its failure to do so deprived it of jurisdiction to make the declaration months later. (*Id.* at p. 907.) This court has recently held that if there is a sufficient excuse for defendant's nonappearance such that the court may continue the matter, this fact must be noted somewhere on the record. A silent record requires the reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare forfeiture not having been exercised was foreclosed. (*People* v. *Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889 [74 Cal.Rptr.2d 316]; *People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d at p. 907.)

We summarize our reasoning in the instant case. Defendant Centeno was at the motion to continue at which time his trial was set for December 16, 1996. Although a section 977 waiver was in place, by its own terms it did not apply to the trial date. Trial includes the day on which the parties are called to try their case. Under section 1305, defendant must appear for trial. When defendant failed to appear on the date on which his case was set for trial, the master trial calendar hearing, he defaulted within the meaning of section 1305. The trial court was thus required to declare a forfeiture on that date or lose jurisdiction to do so later.

The People's argument that the trial court properly declared a forfeiture when it found out that Centeno had breached the conditions of his waiver has some surface appeal. However, when we interpret a statute, we may not insert language into it. (*People* v. *Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 919-920 [66 Cal.Rptr.2d 29].) Section 1305 does not include the language that when the court "has reason to believe" or when the

court "finds out" the defendant might have disappeared it may forfeit the undertaking of bail; it provides in no uncertain terms that a court shall forfeit the undertaking of bail when defendant fails to appear for trial. In view of our determination of the meaning of the word trial in section 1305, in this case the original trial court erred in not forfeiting the bail when defendant failed to appear for trial without sufficient excuse. It follows that the court was without jurisdiction to forfeit the bail several days later on the defense attorney's motion to continue the trial. The second trial court properly granted Ranger's motion to vacate the forfeiture and to exonerate bail.

### DISPOSITION

The judgment is affirmed.

Premo, Acting P. J., and Elia, J., concurred.