[No. D052080. Fourth Dist., Div. One. Feb. 11, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
BANKERS INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Nuñez & Bernstein and E. Allen Nuñez for Defendant and Appellant.

John J. Sansone, County Counsel, and Leonard W. Pollard II, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**HALLER, J.**—Bankers Insurance Company (Bankers) appeals from an order denying its motion to vacate a forfeiture and exonerate its bond. Bankers

contends the trial court failed to comply with the statutory requirements for a bail forfeiture. (Pen. Code, § 1305, subd. (a) (section 1305(a)).) We agree with Bankers's contention and reverse the order.

## FACTS

Bankers posted a $75,000 bail bond for the release of criminal defendant Rodney McKinney. McKinney was ordered to appear on August 17, 2006.

On August 17, McKinney failed to appear. The reporter's transcript reflects the following discussion between Superior Court Judge Frank Brown and counsel:

"The Court: Okay. In the matter of the People versus Rodney Howard McKinney. On behalf of the District Attorney?

"Mr. Pro: Good morning, Your Honor. John Pro on behalf of the People.

"The Court: Good morning.

"Mr. Cary: And Donald Cary on behalf of Mr. McKinney, who is not in this courtroom, Your Honor.

"The Court: And he bailed out on 75,000. So we'll keep the bail bond and issue a warrant at—How much does the D.A. want?

"Mr. Pro: It was at seventy-five.

"The Court: So two hundred?

"Mr. Cary: I was asking for seventy-five.

"The Court: We don't trust him anymore, do we? It will be a $200,000 bench warrant. Then when we catch him—when we catch him, we'll have him.

"Mr. Pro: Thank you, Your Honor.

"The Court: Warrant, guys.

"Mr. Cary: Thank you."

The minute order stated the bail was "forfeited," and that a bench warrant was issued with a $200,000 bail requirement. Eight days later, on August 25,

the clerk mailed a document notifying Bankers of the forfeiture of the bail bond. The notice stated the forfeiture would become final unless Bankers obtained an order setting aside the forfeiture. Bankers was thereafter granted extensions of time to file a motion to vacate the forfeiture.

On August 22, 2007, Bankers moved to vacate the forfeiture and exonerate bail on grounds that the trial court lost jurisdiction because it did not properly declare the bail forfeiture in open court as required by section 1305(a). The county opposed the motion, arguing the court's statement that "we'll keep the bail bond . . ." constituted the requisite declaration in "open court" that the bond was forfeited. The court denied Bankers's motion to vacate the forfeiture.

## DISCUSSION

### I. *Applicable Legal Principles*

■ If a criminal defendant who is out of custody on a bail bond does not appear at a required hearing or trial, the court may order the bail bond company to forfeit the bond. (§ 1305(a).) To effectuate this forfeiture, the trial court must strictly comply with certain statutory requirements. (*People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300 [38 Cal.Rptr.2d 167].) Bail forfeiture statutes are jurisdictional and, if not strictly followed, the court loses jurisdiction to later declare a forfeiture of the bond. (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552 [78 Cal.Rptr.2d 763]; *People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 921 [66 Cal.Rptr.2d 29].) Because of the " ' " 'harsh results' " ' " of a forfeiture, "technical violations" of the bail statutes are not tolerated and will defeat the court's jurisdiction to order a forfeiture. (*People v. National Automobile & Casualty Ins. Co.* (2002) 98 Cal.App.4th 277, 287, 290 [119 Cal.Rptr.2d 746] (*National Automobile*); see *People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, 805–810 [110 Cal.Rptr.2d 799]; *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1294 [100 Cal.Rptr.2d 433]; *People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 28–30 [211 Cal.Rptr. 204].) Additionally, the statutory requirements " 'are considered inviolable and do not depend on whether or not a party has suffered prejudice.' " (*National Automobile, supra,* 98 Cal.App.4th at p. 291, fn. 33; see *People v. American Contractors Indemnity Co., supra,* 91 Cal.App.4th at p. 810.)

We apply an abuse of discretion standard in evaluating a trial court's denial of a motion to vacate bail forfeiture. (*People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1383 [59 Cal.Rptr.2d 777].) However, because trial courts exercise a limited statutory discretion in ordering bail forfeitures and the issues are jurisdictional, we are required to carefully review the record to

ensure strict statutory compliance. (See *id.* at pp. 1383–1387; *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 894 [74 Cal.Rptr.2d 316].)

## II. *Analysis*

█ Bankers contends the court did not properly declare a forfeiture because it did not strictly comply with section 1305(a), which states: "A court shall in open court declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear for [specified hearings or trial] . . . ." The phrase "open court" means the judge must make the forfeiture statement "orally . . . in the courtroom, while it is open to members of the public." (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 709 [61 Cal.Rptr.3d 689, 161 P.3d 198] (*Allegheny*).)

This requirement of a forfeiture declaration in "open court" was enacted in 1998 as an amendment to the existing bail statute. (*Allegheny, supra,* 41 Cal.4th at p. 710.) The amendment's overall purpose was to " ' "make the return of fleeing defendants swifter and easier" ' " by providing "actual and immediate notice of bail forfeiture for the benefit of any surety or bail agent in attendance at the public court session, so that prompt efforts might be undertaken to locate the absent defendant." (*Id.* at pp. 711, 712.)

When this amendment was proposed, legislative opponents argued that bail agents are promptly notified through court minutes and that requiring a trial judge to orally declare a forfeiture would be " ' "wasteful and inefficient" ' " and would "significantly and unnecessarily burden the system," particularly because bail agents only rarely attend court proceedings. (*Allegheny, supra,* 41 Cal.4th at pp. 711–712.) But legislative analysts "rejected those criticisms, reasoning: '. . . [the declaration-in-open-court] requirement places an insignificant burden on the court as it only requires the court to state [in open court,] "bail is forfeited." ' " (*Id.* at p. 712.) The bill was then passed as written. (*Ibid.*) In reviewing this legislative history, the California Supreme Court noted that "the declaration-in-open-court requirement was just that—and nothing more. The amendment . . . '*only requires the court to openly order forfeiture of the bail*' by '*stat*[*ing*] *"bail is forfeited."* ' "[1] (41 Cal.4th at p. 713, quoting Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 2083 (1997–1998 Reg. Sess.) May 5, 1998, pp. 2–3.)

---

[1] The specific issue before the *Allegheny* court was whether the court's oral declaration must appear in a reporter's transcript. The court held a reporter's transcript was not required: "[S]ection 1305(a) demands only what it expressly requires—that the declaration be made in open court—and not that a reporter's transcript, or the minutes, further reflect that the declaration occurred in open court." (*Allegheny, supra,* 41 Cal.4th at p. 714.)

In this case, the court did not state in open court that the bail was forfeited. The People argue the court complied with section 1305(a) by stating it would "keep the bail bond and issue a warrant." However, this statement is not the same as declaring a forfeiture. The term "keep" does not contain a temporal limitation as to how long the court intended to retain the bail bond. Further, a statement that the court will "keep the bail bond" describes what the court will do with the bond, and not the effect of the order on the surety's rights. Although the court's issuance of a warrant could be interpreted as an intention to impose a bail forfeiture, there was no statement to this effect. Because the words used by the court did not clearly convey that it had declared a forfeiture of the bond, the statutory requirement was not satisfied and the court lost jurisdiction to declare a forfeiture. (See *National Automobile, supra,* 98 Cal.App.4th at p. 290.)

The *National Automobile* court reached the same conclusion under analogous facts. (*National Automobile, supra,* 98 Cal.App.4th at p. 290.) In that case, when the defendant failed to appear, the trial judge stated that "[b]ail status is revoked" and that a warrant would be issued and held for nine days. (*Id.* at pp. 280–281, italics omitted.) During a recess, the judge told the court clerk that the bail was forfeited and directed the clerk to enter a forfeiture on the minutes. (*Id.* at p. 281.) The reviewing court reversed the lower court's denial of the surety's motion to vacate, concluding the trial court did not declare the forfeiture in open court. (*Id.* at pp. 282–291.) In so holding, the court rejected the People's argument that the trial judge's statement that "[b]ail . . . is revoked" must have meant a forfeiture because the only issue before the court was the fact of defendant's nonappearance, which necessarily requires a forfeiture, not a revocation. (*Id.* at p. 285.) The court reasoned that "[r]evocation of bail and forfeiture of bail have distinct legal meanings" (*ibid.*), and refused to accept the People's argument that "it is obvious the trial court intended to declare a forfeiture because it 'clarified [its] ruling during a recess' " (*id.* at p. 286). The court stated that "to accept the People's argument would be to ignore the statutory language prescribing the procedure for declaring bail forfeitures. It asks us to hold a trial court's silent intention . . . satisfies the requirements of section [1305(a)] mandating bail forfeitures be declared in open court. No rule of statutory interpretation of which we are aware would permit this construction." (*Ibid.*)

■ The logic of *National Automobile* compels a reversal in this case. Although the words "keep the bail bond" do not have a distinct legal meaning as does "bail revocation," the court's statements in this case were similarly imprecise. Because the purpose of the statutory requirement is to provide notice to those in attendance *and* to impose this notice requirement through a method that is easy to implement and enforce, the court's statement should be sufficiently clear that those who are present are not required to make inferences as to what is being said. An ambiguous statement by a trial court

does not meet this requirement. By imposing an oral declaration requirement, the Legislature placed a premium on what the trial court actually says, not on what it means to say. The exact words "bail is forfeited" are not necessarily required, but the trial court's words here did not qualify as a meaningful declaration of bail forfeiture.

Because the trial court failed to fulfill its statutory obligation, it lost "jurisdiction to later attempt to forfeit the bail by simply noting it in the minutes." (*National Automobile, supra*, 98 Cal.App.4th at p. 290.) We thus reverse the trial court's order.

In reversing, we note that it has been 10 years since the Legislature imposed the oral forfeiture declaration requirement. However, given the number of reported and unreported decisions on this issue, the trial courts do not appear to be consistently complying with the statutory mandate. The lack of compliance with the technical statutory requirements burdens valuable judicial resources with unnecessary litigation. We are aware of the heavy caseload before the trial courts, but urge the trial courts to comply with the easily followed rules set forth in section 1305(a). If the trial court intends to declare a bail forfeiture, it should say in open court "bail is forfeited."

## DISPOSITION

The order is reversed and the cause is remanded to the trial court with directions to vacate the forfeiture and exonerate the bond.

Benke, Acting P. J., concurred.

**McINTYRE, J.,** Dissenting.—I respectfully dissent.

I agree with the majority that it would be preferable if the trial courts always stated in open court that "bail is forfeited" when declaring a bail forfeiture. However, the statute, Penal Code section 1305, subdivision (a) does not specifically require those words be used but states "[a] court shall in open court declare forfeited the undertaking of bail . . . [when] a defendant fails to appear . . . ." Here in open court, the judge stated "we'll keep the bail bond and issue a warrant" in the amount of $200,000. In my view, in the context of issuing a $200,000 bench warrant, the phrase "we'll keep the bail bond" is not reasonably susceptible to any interpretation other than declaring a forfeiture of the $75,000 bail bond and the statutory requirement is thus met.

Appellant claims no prejudice for the manner in which the trial judge spoke. The minutes reflect that bail was forfeited and a notice of forfeiture was timely mailed.

Accordingly, I would affirm the judgment below.