Filed 5/23/14  P. v. The North River Ins. Co. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064115 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2013-0050691-CU-EN-CTL) |
| THE NORTH RIVER INS. CO., | |
| Defendant and Appellant; | |
| BAD BOY BAIL BONDS, | |
| Real Party in Interest and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Timothy R. Walsh, Lorna A. Alksne, and David J. Danielsen, Judges.  Affirmed.

Jefferson T. Stamp for Defendant and Appellant The North River Ins. Co. and

Real Party in Interest and Appellant Bad Boy Bail Bonds.

Thomas E. Montgomery, County Counsel and Thomas Deak, Senior Deputy

County Counsel, for Plaintiff and Respondent.

INTRODUCTION

Appellants Bad Boys Bail Bonds (BBBB) and The North River Insurance

Company (North River) contend summary judgment on a bail bond forfeiture should be

reversed and the bond exonerated for two reasons: (1) the criminal defendant Aram

Makinadjian was not required by Penal Code[1] section 1305, subdivision (a) to appear on

the date the court declared forfeiture because the matter was called for a continuance

motion rather than for preliminary hearing; and (2) the court did not meet its statutory

obligation to properly declare forfeiture in open court.

We find no merit in either contention and affirm. The first contention fails

because the court ordered Makinadjian to appear at a specific date and time. Therefore, it

is inconsequential whether the matter was called for a motion or for a preliminary

examination. Additionally, since Makinadjian was charged with a felony and did not

execute a waiver of his personal appearance under section 977, he was required to appear

for all proceedings. The second contention fails because the record as a whole shows the

trial court unequivocally declared the bail forfeited in open court and adequately satisfied

the statutory purpose of providing immediate notice to allow a bail agent to undertake

efforts to apprehend the fugitive.

FACTUAL AND PROCEDURAL BACKGROUND

BBBB, acting for the surety North River, posted a $50,000 bail bond in December

2011 to guarantee the appearance of Makinadjian in a felony criminal case. Makinadjian

---

[1]     All further statutory references are to the Penal Code.

2

appeared for a readiness hearing in January 2012 along with a criminal codefendant.[2] After confirming Makinadjian and the codefendant desired the same attorney to represent them and after obtaining waivers of the right to separate counsel and any conflicts of interest, the court continued the matter at the request of retained defense counsel Alex Kessel. The court set the readiness hearing for February 24, 2012, at 8:15 a.m. and set the preliminary examination for March 8, 2012, at 8:15 a.m. The court stated, "[E]ach of the defendants is ordered back on those dates and times."

Makinadjian appeared at the readiness hearing in February 2012. The court confirmed the preliminary examination hearing date set for March 8 at 8:15 a.m.

On March 8, 2012, the matter was called at 8:20 a.m. The People reported they were not ready because they were waiting for witnesses to arrive. The People also understood defense counsel intended to request a continuance. The court briefly trailed the matter.

When the court recalled the matter less than an hour later, attorney David Ebersole who specially appeared for Kessel, reported the codefendant was present, but needed to appear at another criminal hearing in another city that afternoon. He reported Makinadjian "is gone, and we don't know where he is." Ebersole then requested a continuance due to the unavailability of Kessel, who was in federal court.

---

[2]     The criminal codefendant is not a party to this appeal.

The People objected to the continuance saying they were ready to proceed with the preliminary examination and had all witnesses present. However, the People noted Makinadjian was not present.

When the court called for the criminal defendants' appearances on the record, Makinadjian did not respond and the court noted his failure to appear. While reviewing the file, the court inquired if Ebersole was prepared to do a preliminary hearing. Ebersole said he would not be able to represent Makinadjian and the codefendant in a competent manner.

The court then made the following statement: "All right. Today is March 8th. The record should reflect it's five after 9:00. This matter was set for preliminary hearing on today's date at 8:15 in the morning. [Makinadjian] was present on January 10 and ordered to be in this department at this point in time. The preliminary hearing was confirmed on the case and there's no indication that these dates were vacated.

"As such, [Makinadjian] was ordered to be here, has failed to appear as ordered. A bench warrant for his arrest will issue. He's out on bail right now on $50,000 bail. I'm going to issue a bench warrant in the amount of $150,000 for his arrest, and all future dates as to [Makinadjian] at this time will be vacated."

Turning to the codefendant, the court found good cause to continue the preliminary hearing due to unavailability of competent counsel. The court obtained a time waiver from the codefendant to set the preliminary hearing date as counsel requested.

4

At the conclusion of the hearing, the courtroom clerk asked in open court if the court forfeited the bond on Makinadjian. The court confirmed the forfeiture stating, "I did forfeit the bond on [Makinadjian]. Thank you."

The minute order reflects Makinadjian's failure to appear and the denial of his motion for continuance. It also shows issuance of a bench warrant and forfeiture of the previous bail bond. The court mailed notice of forfeiture of bail bond on March 13, 2012.

After obtaining stipulated extensions of the 180-day appearance period, the bail agent and the surety moved to vacate the forfeiture and for exoneration of the bond. They argued Makinadjian was not "lawfully required" to appear for the hearing since (1) the continuance motion pre-empted the preliminary examination, (2) the court did not deny the continuance motion and (3) the preliminary hearing would have been unlawful without competent counsel. They also argued the court did not comply with section 1305 subdivision (a)'s requirement to make an unequivocal declaration of forfeiture in open court. The court denied the motion and entered summary judgment.

DISCUSSION

I

*Overview of Bail Forfeiture Statutes*

The procedure for forfeiture or exoneration of bail is entirely statutory. We must strictly construe the bail bond statutes to avoid " ' "the harsh results of a forfeiture." ' " (*County of Los Angeles v. American Contractors Indemnity Co.* (2007) 152 Cal.App.4th 661, 665-666.)

5

Section 1305, subdivision (a) enumerates occasions when a defendant must appear in court to avoid bail forfeiture: " (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal." (§ 1305 subd. (a).) When a defendant for whom bail has been posted fails to appear as required, the court must declare in open court the forfeiture of bail and mail notice of forfeiture to the surety and the bail agent. (§ 1305 subds. (a) & (b).) The court may continue the matter for a reasonable period to allow the defendant to appear without ordering a forfeiture or issuing a bench warrant if the court has reason to believe a sufficient excuse may exist for the failure to appear. (§ 1305.1.) If the court fails to follow this statutory procedure, "the court loses jurisdiction and the bond is exonerated by operation of law." (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1553.)

## II

### *The Court Properly Declared Bail Forfeited for Failure to Appear*

### A

The appellants contend Makinadjian's presence was not "lawfully required" under section 1305, subdivision (a)(4) because the matter was called for a continuance motion rather than for the preliminary hearing. As such, they argue the court did not have jurisdiction to order forfeiture. We disagree.

Appellants rely on *People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45 (*Indiana Lumbermens*) for the proposition a court must hear a motion to

6

continue before it calls a case for preliminary hearing and must decide the motion without regard to the defendant's failure to appear. We are not persuaded.

In *Indiana Lumbermens*, the defendant filed a written waiver of his personal presence at certain hearings, as authorized by section 977, subdivision (b). (*Indiana Lumbermans*, *supra*, 194 Cal.App.4th at p. 47.) However, the statute requires a defendant to be present "during the preliminary hearing."[3] (§ 977, subd. (b)(1).) Therefore, there was an issue regarding whether the defendant failed to appear for a motion or for a preliminary hearing.

Before the preliminary hearing, a motion to continue was filed and was set for the same date as the preliminary hearing. Although not personally present, the defendant appeared through his counsel and the court granted the continuance request. (*Indiana Lumbermans*, *supra*, 194 Cal.App.4th at p. 48.) The defendant later appeared when the preliminary hearing occurred. After pleading guilty, the defendant did not appear for sentencing and the court declared the bond forfeited. The surety sought to set aside the forfeiture arguing the court lost jurisdiction to declare forfeiture because it did not do so when the defendant failed to personally appear for the date initially set for the preliminary hearing. (*Ibid*.)

---

3     Section 977, subdivision (b)(1) provides in pertinent part: "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of the plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided by paragraph (2)."

The Court of Appeal affirmed the judgment forfeiting the bond and the order denying the motion to set aside the judgment. The court held (1) the section 977 waiver excused the defendant's absence from the motion to continue because neither section 977 nor section 1305 required a defendant's presence for such a motion and (2) since the court granted the motion to continue, the defendant was not required to appear on the date "set" for preliminary hearing because the case was never called "for" preliminary hearing. (*Indiana Lumbermens*, *supra*, 194 Cal.App.4th at pp. 50-51.)

*Indiana Lumbermens*, *supra*, 194 Cal.App.4th 45 does not apply to the facts before us. First, since Makinadjian was charged with a felony, section 977, subdivision (b), required his personal appearance at *all* proceedings, absent a written waiver of that right. There is no indication on this record Makinadjian executed and filed a section 977 waiver of his presence even for a motion to continue. Therefore, we reject appellants' argument Makinadjian's presence was not required for the continuance motion.

Second, we need not parse whether the court called the matter on March 8, 2012, for a motion or for a preliminary hearing. At the January readiness hearing, the court not only set dates for the continued readiness conference and the preliminary hearing, but also orally ordered Makinadjian "back *on those dates and times*." (Italics added.) Thus, Makinadjian's presence was "lawfully required" under section 1305, subdivision (a)(4) on the date and at the time set for preliminary hearing, whether it went forward on that date

8

or not.[4]  In contrast, the *Indiana Lumbermens* court determined, based on the record before it, the trial court did not require personal attendance at all hearing dates.  (*Indiana Lumbermens, supra,* 194 Cal.App.4th at p. 52.)

There is no suggestion in the record a sufficient excuse might have existed for Makinadjian's failure to appear to permit the court to continue the matter under section 1305.1.  Instead, Ebersole advised the court Makinadjian "is gone, and we don't know where he is."  Therefore, whether there was good cause to continue the preliminary hearing based on Kessel's unavailability is irrelevant to the issue of whether forfeiture was necessary for Makinadjian's failure to appear as ordered.

Under the circumstances, section 1305, subdivision (a)(4), required the court to declare forfeiture because Makinadjian's presence on March 8, 2012, was "lawfully required" and he failed to appear without a sufficient excuse.  If the court had not declared forfeiture at this time, it would have lost jurisdiction over the bond.  (*People v. Ranger Ins. Co*., *supra*, 66 Cal.App.4th at p. 1553.)  Additionally, as the People correctly point out, the court could not continue the preliminary hearing with the bond in place because it could not order Makinadjian's appearance for a continued preliminary hearing without providing him with actual notice.  (*People v. Accredited Surety & Casualty Co.* (2012) 209 Cal.App.4th 617, 622.)

---

[4]  Appellants argue the January 2012 minute order only ordered Makinadjian to appear "for" the preliminary hearing.  To the extent the minute order can be viewed as conflicting with the statements of the court on the record, we must resolve any conflict in favor of the oral record.  "The record of the oral pronouncement of the court controls over the clerk's minute order."  (*People v. Farell* (2002) 28 Cal. 4th 381, 384, fn. 2.)

B

Appellants' also contend the court did not comply with the statutory requirement to declare forfeiture in open court because it did not use the words "bail is forfeited" at "the very moment" the court concluded Makinadjian failed to appear without sufficient excuse. Again, we disagree.

Section 1305, subdivision (a) states: "A court shall in open court declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear" as required. "The phrase 'open court' means the judge must make the forfeiture statement 'orally . . . in the courtroom, while it is open to members of the public.' " (*People v. Bankers Ins. Co.* (2009) 171 Cal.App.4th 1529, 1533 (*Bankers*), quoting *People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 708.) The purpose of this requirement is to allow swift and efficient apprehension of fugitives by providing " 'actual and immediate notice of bail forfeiture for the benefit of any surety or bail agent in attendance at the public court session, so that prompt efforts might be undertaken to locate the absent defendant.' " (*Bankers, supra*, 171 Cal.App.4th at p. 1533.) But, "[t]he exact words 'bail is forfeited' are not necessarily required." (*Id.* at p.1535.)

Appellants cite *People v. National Automobile & Casualty Ins. Co.* (2002) 98 Cal.App.4th 277, 284 (*National Automobile*) for the proposition the court must make a declaration of bail forfeiture "the very moment" the court concludes the defendant failed to appear as required without sufficient excuse. We do not read either the statute or *National Automobile* as requiring a declaration of forfeiture at the precise moment during

10

a hearing when the court concludes a defendant has failed to appear as required without sufficient excuse. The only requirement is a declaration made in open court.

In *National Automobile*, *supra*, 98 Cal.App.4th at pages 284-285, the court held a trial court did not comply with the statutory requirement for forfeiture of a bail bond because it did not declare the bail forfeited in open court. "The court did not recall the case to declare the bail forfeited in open court as it could have done. Instead, during a recess in the proceedings it directed the clerk to enter a forfeiture on the minutes." (*Ibid.*) The court also held it was insufficient for the court to state on the record "bail status revoked" because revocation of bail and forfeiture of bail have distinct legal meanings and bail status may be revoked for reasons other than failure to appear and may occur without forfeiture of the bail. (*Id.* at p. 285.) The court's comment about requiring "an unequivocal declaration of bail forfeiture on the record the very moment the court concludes the defendant has failed to appear without sufficient excuse" was made in the context of discussing how the statute advances the policy of ensuring timely notice to quickly apprehend fugitives. (*Id.* at p. 284.)

The Supreme Court has since held the statutory requirement may be fulfilled if a declaration of forfeiture is made in open court even though there is no reporter's transcript of the proceedings and the minutes of the court do not specify the forfeiture occurred in open court. "[S]ection 1305[, subdivision] (a) demands only what it expressly requires—that the declaration be made in open court—and not that a reporter's transcript, or the minutes, further reflect that the declaration occurred in open court." (*People v. Allegheny Casualty Co.*, *supra*, 41 Cal.4th at p. 714.) In reaching this

11

conclusion, the court reviewed the legislative history for the 1998 amendment requiring the declaration of forfeiture to be made in open court and why the change was necessary. "[U]nder [then] existing law and practice, ' "[o]ften the bond [was] not declared forfeited in open court; rather it [was] declared forfeited days or weeks later by a clerk of the court. By delaying the declaration, the defendant [had] an opportunity to flee and avoid apprehension." ' [Citations.] . . . [T]he overall purpose of the bill [was] ' "intended to make the return of fleeing defendants swifter and easier," ' observing that ' "[t]he longer a defendant remains at large, the greater the odds that he or she may commit other crimes, thereby putting the public at risk." ' " (*Id*. at p. 711) " 'This bill requires that the declaration of forfeiture be made in open court at the time the defendant fails to appear and a bench warrant is issued. This is a minor technical change to existing law and only requires the court to openly order forfeiture of the bail—the rationale being that the bail agent [assuming he or she is present in the courtroom] receives notice of the forfeiture at the time, rather than when the notice is sent and is able to immediately pursue the fugitive.' " (*Ibid*.)

In this case, Ebersole informed the court Makinadjian was not present at approximately 9:04 a.m. When the court called for Makinadjian's appearance and he did not respond, the court noted for the record he "failed to appear as ordered." The court then took a moment to review the file before stating for the record: "Today is March 8th. The record should reflect it's five after 9:00. . . . Makinadjian was ordered to be here, has failed to appear as ordered. A bench warrant for his arrest will issue. He's out on bail right now on $50,000 bail. I'm going to issue a bench warrant in the amount of $150,000

12

for his arrest, and all future dates as to this defendant at this time will be vacated." The court then spent a few minutes discussing the codefendant's motion to continue. The court obtained a time waiver from the codefendant and ordered him back, along with the People's witnesses, for his continued preliminary examination. Before the hearing concluded at 9:10 a.m., the clerk inquired on the record if the bond was forfeited, to which the court responded, "I did forfeit the bond on [Makinadjian]. Thank you."

There is nothing ambiguous or equivocal about what occurred on this record. The delay of a few minutes between a finding of non-appearance and declaration the bond was forfeited did not violate the statutory purpose. Nor did the court's past-tense statement it "did forfeit the bond" cause any uncertainty. The court's statement was sufficiently clear so those present would not be required to make inferences as to what is being said. (*Bankers*, *supra*, 171 Cal App.4th at p. 1534.) Within a span of five minutes, had an agent of either BBBB or North River attended the hearing, he or she would have known (1) Makinadjian failed to appear as required, (2) the court issued a bench warrant for his arrest along with a new bail amount, and (3) the bail bond was forfeited. Therefore, BBBB or North River could have taken immediate steps to locate and apprehend Makinadjian.

This is distinguishable from *Bankers*, *supra*, 171 Cal.App.4th 1529 where we held the trial court's statement that it would " 'keep the bail bond and issue a warrant' " was an insufficient declaration of forfeiture under the statute. We explained, "[t]he term 'keep' does not contain a temporal limitation as to how long the court intended to retain the bail bond. Further, a statement that the court will 'keep the bail bond' describes what the court

13

will do with the bond, and not the effect of the order on the surety's rights."  (*Id*. at p. 1534.)  No such ambiguity is present here.

## DISPOSITION

The judgment is affirmed.  Respondent is awarded costs on appeal.


MCCONNELL, P. J.

WE CONCUR:


HALLER, J.


AARON, J.