Filed 7/21/14  P. v. American Surety Co. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN SURETY COMPANY,<br><br>        Defendant and Appellant. | A138831<br><br>(Solano County<br>Super. Ct. No. FCS041768) |

American Surety Company appeals from an order denying its motion to vacate the court's forfeiture of bail.  It contends the court lost jurisdiction over the bail bond because it failed to order the forfeiture clearly in open court.  We will affirm the order.

## I.  FACTS AND PROCEDURAL HISTORY

On October 27, 2010, American Surety Company (American), through Toler Bail Bonds (Toler), posted a $50,000 bail bond for the release of a defendant from custody in an underlying criminal matter.

On April 18, 2012, the defendant failed to appear in court for judgment and sentencing.  The court stated that the bailiff had received information that the defendant "is in the hospital somewhere, or going to the hospital," but the court added, "somehow I am just not surprised that she is not here today for sentencing."  The defendant's attorney explained that the bailiff told him that "a tall elderly woman with a cane" said

1

the defendant was in the hospital. Neither defense counsel nor the court had any further information.

The court therefore ordered the forfeiture of her bail bond and the issuance of a bench warrant. The court stated: "[W]hat I'm going to do is this: I'm going to order that her bond be forfeited and I'm going to order a warrant for her. I will order a new warrant on a no bail status pending judgment and sentence."

The following discussion then ensued between the judge, the court clerk, and counsel: "THE COURT: . . . If you wish, Mr. Semansky [defense counsel], I will set this out a few days to give you a chance to get her in here. [¶] [DEFENSE COUNSEL]: I will try, your Honor. Thank you. [¶] THE CLERK: So you are staying the warrant? [¶] THE COURT: Yes, I will stay the warrant. [¶] [DEFENSE COUNSEL]: Today is the 18th. Could we do Wednesday afternoon, or Thursday, or the 27th? The 24th I could do it in the morning. [¶] THE COURT: We'll put it over to the 24th. [¶] [PROSECUTOR]: Your Honor, I am in a seminar from the 24th to the 27th. [¶] THE COURT: Well, can you have someone else appear? This is an indicated sentence. [¶] [PROSECUTOR]: That's fine. [¶] THE CLERK: April 24th, 8:30."

The court then changed its mind about staying the issuance of the warrant. "THE COURT: What I'm going to do, I am *not* going to stay the warrant. It takes a while to process, and I am sure she won't be picked up on it before then. If she is, she is. [¶] [DEFENSE COUNSEL]: I'm sorry, your Honor, I was talking to the interpreter. Would you repeat your last sentence? [¶] THE COURT: I said *I am not going to stay a warrant* at this time. We don't really have any idea what is going on here with [the defendant]. However, it does take a number of days to process, and so I will permit her to come in on her own accord on the 24th. If she is not here at that time, then a no bail warrant—she'll will [*sic*] be picked up on that. [¶] [DEFENSE COUNSEL]: I appreciate that. Thank you, Judge." (Italics added.)

The resulting minute order confirmed that bail was forfeited and a bench warrant was ordered.

On April 23, 2012, the court filed and served a Notice of Forfeiture, addressed to American and Toler. The notice stated that the bail bond "was ordered, in open court on the record, forfeited by this Court on 4-18-12 because of the neglect of the above-named defendant to appear for JUDGMENT AND SENTENCE." (See Pen. Code, § 1305, subd. (b).)

In October 2012, American moved to extend the 180-day period within which forfeiture of the bond may be vacated due to the defendant's surrender or arrest. (Pen. Code, § 1305.4; see Pen. Code, § 1305, subd. (c).) In December 2012, the court granted the extension to April 29, 2013.

On April 24, 2013, American moved to vacate the forfeiture and exonerate bail, on the ground that the court lost jurisdiction over the bail bond because it failed to adequately declare a forfeiture in open court on April 18, 2012.

American's motion was heard on May 22, 2013, before the judge who had presided at the April 18, 2012, hearing. When American's attorney suggested the court stayed the forfeiture of the bond, the court stated: "Well, I never indicated I was going to stay the forfeiture . . . . I said I stayed the warrant. . . . And then I changed my mind on that. So there's nothing explicit, in any event, that shows that I even considered staying the forfeiture." After further discussion, the court added: "Yeah, . . . I think the final order is very clear. . . . The warrant was stayed [*sic*]. The bond was forfeited. That was my order. When the hearing ended, that's what I had ordered. That's what's in the record. The bond was stayed—pardon me, the bond was forfeited, and the warrant was issued." The court denied the motion, concluding it had clearly ordered forfeiture of the bond.

This appeal followed.

## II. DISCUSSION

The sole issue on appeal is whether the court erred in denying American's motion to vacate the forfeiture, because the court had not previously ordered the forfeiture at the April 18 hearing with sufficient clarity.

Penal Code section 1305, subdivision (a) provides that "[a] court shall in open court declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear."

Bail forfeiture statutes must be strictly followed. (See, e.g., *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552.) Although "[t]he exact words 'bail is forfeited' are not necessarily required," the court's statement forfeiting the bail bond in open court must "be sufficiently clear that those who are present are not required to make inferences as to what is being said." (*People v. Bankers Ins. Co.* (2009) 171 Cal.App.4th 1529, 1534-1535 (*Bankers*) [court's statement to "keep the bail bond and issue a warrant" was insufficient]; see *People v. National Automobile & Casualty Ins. Co.* (2002) 98 Cal.App.4th 277, 280, 284-285 (*National Automobile*) [on-the-record statement "bail status is revoked" was insufficient, even though during a recess the court told the court clerk that bail should also be forfeited].) The failure to make a sufficiently clear statement of forfeiture on the record results in a loss of jurisdiction to later declare a forfeiture in the court minutes. (*Bankers, supra*, 171 Cal.App.4th at p. 1535; *National Automobile, supra*, 98 Cal.App.4th at pp. 287-291.)

Here, the court adequately indicated the forfeiture of bail at the April 18 hearing by stating, "*I'm going to order that her bond be forfeited* and I'm going to order a warrant for her." (Italics added.)

American contends the court did not order forfeiture of the bond, or at least did not do so clearly enough, because after ordering the forfeiture of the bond and issuance of a warrant, the court said, "I will set *this* out a few days to give you a chance to get [the defendant] in here." (Italics added.) According to American, this meant that the court at that point stayed both the warrant *and* the forfeiture. Later, when the court indicated it would not stay the warrant after all, its failure to mention anything about the forfeiture of the bond suggested that the forfeiture remained stayed. (See *People v. Irwin* (1983) 146 Cal.App.3d 867, 870 [bail that is declared forfeited, but stayed, is not an actual forfeiture requiring the court clerk to mail a notice of forfeiture].)

4

Respondent—and the trial court—interpret the court's statement differently. They understand it to mean that the court initially ordered the forfeiture of the bond and issuance of the warrant, and then contemplated staying the warrant only. This interpretation is supported by the fact that the court clerk asked, "So are you staying the warrant?" and the court replied, "Yes, I will stay the warrant." It is further supported by the fact that, when the court later changed its mind, it said it was "not going to stay the warrant," without referring to the forfeiture, because the court had never contemplated staying the forfeiture. Furthermore, respondent argues, if the court *had* initially contemplated staying both the warrant and the forfeiture, its decision not to stay the warrant indicated it was not going to stay the forfeiture either.

We conclude that the court's order was sufficiently clear. The court clearly stated it was ordering that the "bond be forfeited." The court indicated it would set the matter for about a week later so defense counsel could locate and persuade the defendant to appear for judgment and sentencing, but it never stated that the bail forfeiture would be stayed. Although the court at one point contemplated staying the *warrant*, it decided against the stay because "it does take a number of days to process," which clearly referred to the warrant. Furthermore, those present in the courtroom apparently interpreted the court's comments to mean that the bond was forfeited: the minute order confirmed the bond was forfeited, the court issued the notice of forfeiture shortly thereafter, and the record contains no objection or confusion on the part of defense counsel or anyone else.

American argues that we should interpret the court's statements to effect a stay of the forfeiture of bail because the court had a reason to issue a stay, since someone told the bailiff that the defendant was in a hospital. Relying on Penal Code section 1305.1, American argues that "public policy favors the delay of the forfeiture" if there is reason to believe the defendant had an adequate excuse for not appearing. (See Pen. Code, § 1305.1 [court may continue case without forfeiting bail or issuing bench warrant if it has "reason to believe that sufficient excuse may exist"].)

5

American's argument is unavailing. Neither the court nor anyone else at the hearing mentioned Penal Code section 1305.1, and the court made no finding that the defendant's absence was due to a sufficient excuse. To the contrary, the court noted the dearth of information about the defendant's whereabouts and said, "somehow I am just not surprised that she is not here today for sentencing" and "[w]e don't really have any idea what is going on here" with the defendant. The record therefore does not suggest a stay under Penal Code section 1305.1.

Indeed, the absence of any reason for staying the forfeiture, along with the court's ultimate refusal to stay the warrant, supports the conclusion that the court's clear statement that the "bond be forfeited" was not rendered ambiguous or otherwise ineffective due to anything else the court said at the hearing. In the final analysis, American fails to establish error in the trial court's denial of its motion to vacate the forfeiture.

## III.  DISPOSITION

The order is affirmed.

NEEDHAM, J.

We concur.

JONES, P. J.

BRUINIERS, J.

6